165 So. 848

### RIDDLE v. ADAMS.
### 7 Div. 366.

Supreme Court of Alabama.
Jan. 30, 1936.

Motion to Set Aside Submission Denied
March 5, 1936.

Merrill & Merrill, of Heflin, for appellant.

Hugh Walker and Merrill, Jones & Whiteside, all of Anniston, for appellee.

FOSTER, Justice.

This cause is submitted on motion to dismiss the appeal and on the merits.

We think the appeal bond is sufficiently definite that the appeal is from the decree overruling the motion to dissolve the injunction. That is a decree from which an appeal will lie. Section 6081, Code. It is dated January 2, 1936. The appeal bond refers to a decree of that date, which J. B. Adams obtained against J. H. Riddle. There was another decree of that date, but it merely adjudged Riddle in contempt of the injunction, and imposed a fine. This is not a decree in favor of Adams against Riddle, and is not one from which an appeal will lie.

The motion to dismiss is also based upon a failure of service of citation of appeal. It is marked executed by the register by sending a copy by registered mail to Merrill, Jones, and Whiteside, attorneys for J. B. Adams.

Section 6140, Code, provides for service of citation on appellee or his attorney. Section 6142 provides that if appellee is a nonresident and has no resident attorney or agent, and oath is made of those facts, the appellate court may direct notice to be served by registered mail or by publication. No such affidavit was made, nor request for such service of notice. Sections 9422, 9431, and 9453, by their terms, have no application. Notice, when served on an attorney, must be executed personally as when served on a party. Section 9491, Code. It is well settled by our cases that the service of citation of appeal, not waived, is necessary to the jurisdiction of this court on appeal, and when the record fails to show such service the appeal should be dismissed. McLeod v. Turner, 230 Ala. 673, 162 So. 309; State v. Gurley, 217 Ala. 666, 117 So. 297.

The motion to dismiss the appeal must be granted.

Appeal dismissed.

All the justices concur, except ANDERSON, C. J., not sitting.