198 So. 3

**GORMAN et al. v. STATE ex rel. EMBRY.**

7 Div. 634.

Supreme Court of Alabama.

June 29, 1940.

Rehearing Denied Oct. 17, 1940.

176

John R. Robinson, of Gadsden, for appellants.

Thos S. Lawson, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for appellee.

KNIGHT, Justice.

The proceedings in this cause were instituted by the State, on relation of the Solicitor of the Sixteenth Judicial Circuit of the State of Alabama, in the Circuit Court of Etowah County, Equity Division, to abate a liquor nuisance, under Code. § 4671. Upon the filing of the bill, which was properly sworn to by said solicitor, a preliminary injunction against the defendants, Tom Gorman and J. C. Chavers, the latter the owner of the building, was issued.

Upon final hearing of the cause, after due notice to the defendants, the court granted the relief prayed for, made the preliminary injunction permanent, and by its decree further ordered that:

"In order to enforce such injunction the Sheriff of this County is authorized and directed forthwith to take possession of said Tom's Place to the extent and for the purpose of closing and locking same against any further maintenance thereat by said defendants, their servants, agents and employees, of an unlawful drinking place and public nuisance.

"And the said Respondent J. C. Chavers is enjoined and restrained from renting, leasing or letting said property to another for such unlawful use."

It is first insisted for error that the defendants, under rule 91 (new rules of Chancery Practice 238 Ala. XL), were entitled to five days notice before the cause could be submitted on demurrer. Rule 91 of the present Chancery Practice corresponds to old Rule 5. This rule has no application whatever to submissions on demurrer.

However, the record shows that the submission on the demurrer was made during "term time," and there is nothing in the record to indicate that the submission on the demurrer was not at a regular call of the equity docket, and the presumption will be indulged that such was the fact. West et al. v. State ex rel. Matthews, 233 Ala. 588, 173 So. 46.

There is no merit in the above stated contentions of the appellants. The bill of complaint filed in this cause was full and sufficient and properly invoked the jurisdiction of the court to abate the nuisance charged in the bill.

There is no merit in any of the grounds of demurrer directed to the bill and, therefore, the court properly overruled the same.

The evidence was given in open court before the presiding judge, and upon consideration of the same, he granted the relief prayed for in the bill and made the tem-

porary injunction, theretofore issued, permanent, and also ordered the premises padlocked.

■ We have carefully reviewed the evidence and we find that it fully supports the findings of the trial court. We, therefore, would not be justified in disturbing the decree rendered in the cause. A detailed statement of the evidence would serve no useful purpose. Suffice it to say that the testimony shows that the place sought to be enjoined as a liquor nuisance had, by its use, become a public liquor nuisance; and the evidence shows that the fact that it was a liquor nuisance was so notorious as to charge the owner of the premises with knowledge of the conditions there prevailing, and fully justified the trial court in rendering the decree it did in this cause as against J. C. Chavers, the owner of the premises, as well as against the said Tom Gorman, the tenant and operator. Joiner et ux. v. State, 232 Ala. 522, 168 So. 885.

In reaching this conclusion we have, as the court below no doubt did, considered only the legal and competent evidence.

Finding no reversible error in the record, the decree rendered in this cause is due to be and is affirmed.

Affirmed.

All the Justices concur.