7 So.2d 314

**MUTUAL SAV. LIFE INS. CO. v. OSBORNE.**

**8 Div. 979.**

Court of Appeals of Alabama.
March 25, 1941.

Rehearing Denied May 20, 1941.

Further Rehearing Denied June 10, 1941.

Affirmed After Remandment Feb. 3, 1942.

Rehearing Denied March 3, 1942.

S. A. Lynne, of Decatur, for appellant.

Watts & White, of Huntsville, for appellee.

RICE, Judge.

This was a suit by appellee (plaintiff) against appellant (defendant), tried and determined—resulting in a verdict and judgment in favor of the defendant—in the Circuit Court of Madison County on August 10, 1939.

Thereafter, on August 21, 1939, the plaintiff filed his motion to set aside the verdict of the jury and the judgment rendered thereon.

On September 7, 1939, this motion was duly heard; and the said verdict and judgment mentioned in the last next preceding paragraph set aside—thus granting to plaintiff, appellee, a new trial.

Whereupon, on September 20, 1939, appellant filed security for costs of appeal to this court—the said security for costs of appeal plainly indicating that the appeal was taken from the order or judgment granting to appellee a new trial in the cause.

No certificate of appeal was made out and forwarded by the Clerk of the Circuit Court of Madison County, in accordance with "Rule of Practice in the Supreme Court" No. 43, Code 1928 (Michie) p. 1935, Code 1940, Tit. 7, Appendix.

However, there was filed in this court on January 3, 1940, a Certificate of Appeal.

The bill of exceptions was signed and approved on October 26, 1939.

In whatever way the time is computed, the appeal taken on September 20, 1939 was returnable into this court *before* January 3, 1940, the date when the certificate of appeal was first filed here. But no "citation of appeal" was issued to and served upon appellee prior to that date.

Thereafter, and on June 25, 1940, appellee, through his attorneys, appeared specially in this court for the purpose of filing, and did file, his motion to dismiss the appeal because of a non-compliance by the Clerk of the Circuit Court with the provisions of Code 1928, § 6140, Code 1940; Tit. 7, § 801. That motion is now before us.

Notice of said motion was duly given to appellant; and it, in response thereto, had, we assume, the Clerk of the Circuit Court of Madison County to send up here and have filed on October 26, 1940 a "Supplemental Transcript and Certificate of Appeal," which reveals that "citation of appeal" was issued by said Clerk and served upon the attorneys for appellee, for the first time, on October 22, 1940—more than a year subsequent to the date of the taking of the appeal, and some four months subsequent to the date of appellee's motion to dismiss same.

Quaere: Should the appeal be dismissed on appellee's motion?

Counsel for the appellant orally and ably argued the appeal on its merits, at the time of submission. But we do not now recall that he mentioned appellee's motion, then pending and undetermined, to dismiss the appeal. Certain it is that we find no reference thereto in his brief filed here.

But appellee urges the matter upon our consideration.

■ It would seem that appellee has properly reserved unto himself any benefits accruing to him by virtue of the non-compliance by the Clerk below with the provisions of Code 1928, § 6140. For the purpose of the consideration of his motion he has not "voluntarily appeared in this court" in answer to the appeal (State ex rel. Lynne, Sp. Sol. v. Gurley et al., 217 Ala. 666, 117 So. 297), but has "limited his appearance" for the purpose only of "making this motion."

For the orderly processes of the law—essential for the operation of the judicial system under which we live—to be preserved, it would seem that appellee is entitled to have his motion considered in the light of the record at the time same was filed. Certainly, it appears, unless its "grounds" have been *eliminated* by something which occurred later.

As stated, he has never "voluntarily appeared" in this court.

In the case of Granade v. Stanford Bros., 26 Ala.App. 468, 162 So. 408, 410, we said—speaking through our Presiding Judge:

"Section 6140 of the Code 1923 provides: 'Upon an appeal being taken, the register, or clerk of the circuit court, * * * must issue a citation to the adverse party, returnable to the day to which the appeal is returnable, notifying him of the appeal, which must be served on him, or his attorney, or solicitor, at least ten days (unless otherwise provided) before the day to which the appeal is returnable.' See, also, section 6106 of the Code 1923 [Code 1940, Tit. 7, § 767], and Supreme Court rules 26, 30 [Code 1940, Tit. 7, Appendix].

"The failure to comply with section 6140, supra, under the uniform decisions of this

court and the Supreme Court, necessitates the dismissal of the appeal. The rule is, where the record failed to disclose that notice of appeal was served on appellees, the appeal will be dismissed by the appellate courts ex mero motu, in the absence of voluntary appearance by appellees in the appellate court, since no appeal can be maintained to final judgment without an appellee. State ex rel. Lynne v. Gurley, 217 Ala. 666, 117 So. 297. In that case the Supreme Court said:

" 'A due notice of appeal is necessary to bring in the party in.adverse interest not joining in or taking an appeal, and, failing in this, and there being no voluntary appearance in the appellate court of such adverse party or parties (Louisville & N. R. Co. v. Shikle, 206 Ala. 494, 90 So. 900), the failure is that of jurisdiction in this court to proceed to judgment against such parties not brought in or not appearing (Chandler v. Home Loan Co., 211 Ala. 80, 99 So. 723; New Morgan County B. & L. Ass'n v. Plemmons, 210 Ala. 16, 97 So. 46; Smith v. Collier, 210 Ala. 23, 97 So. 101).

" 'Such a defect is taken by this court ex mero motu. For the failure of the record to show such due notice or appearance here, the appeal is dismissed; all the parties in interest are not before this court. Sherrod v. McGruder, supra (209 Ala. 260, 96 So. 78); Louisville & N.R.Co. v. Shikle, 206 Ala. 494, 497, 90 So. 900. Citation or notice of appearance here is necessary as no appeal can be duly maintained to final judgment here without appellee. Griffin v. Milligan, 177 Ala. 57, 58 So. 257; Williams v. Harper, 95 Ala. 610, 10 So. 327; Miller v. Parker's Adm'rs, 47 Ala. 312.

" 'Dismissed by the court ex mero motu.' "

The law standing as we have quoted above (and see McLeod et al. v. Turner, 230 Ala. 673, 162 So. 309), and the grounds of appellee's motion to dismiss the appeal being obviously (we believe admittedly) true, as of the date it was filed, we can find nothing—and have been cited to nothing—that renders it impotent merely because after its filing appellant had (we assume) issued and served upon appellee's attorneys on October 22, 1940, the "citation" hereinabove mentioned.

The appeal must be dismissed. And it is so ordered. Code 1928, § 7318, Code 1940, Tit. 13, § 95.

Appeal dismissed.

On Rehearing.

Appellant's able counsel is in error in stating that there was no submission on appellee's motion to dismiss the appeal.

True, appellee's counsel did not appear at the bar of our Court at the time of the submission. But their motion was regularly filed, notice duly given to appellant's counsel, and a request left with the Clerk of this Court to submit same at the time the appeal was "called," from our docket. The Clerk did so. And the record before us bears the endorsement: "Argued and submitted, on motion and merits."

Not only so, but, as stated in our original opinion, appellee's counsel filed here an able brief in support of their said motion.

We are not unaware of the force of the argument by distinguished counsel here representing appellant, to the effect that appellee has waived his right to insist upon his motion to dismiss the appeal.

It is of course the law that if an appellee voluntarily makes here a general appearance and resists, and contests upon the merits, the appeal, he waives any lack of notice served upon him under the provisions of Code 1923, Sec. 6140, Code 1940, Tit. 7, § 801.

But we are unwilling to hold that an appellee making, having submitted, and insisting upon, a motion to dismiss the appeal is thereby debarred from filing at the same time a brief upon the merits of the appeal—to be, in the very nature of things considered *only* in the event his motion should be first overruled—lest it be said of him that he *thereby* waived his said motion. We do not think the authorities cited in appellant's brief hold to such an effect.

And *unless* the mere filing of the brief as aforesaid by appellee's counsel operated to *waive*—in the face of their strenuous *insistence* upon same—appellee's motion, it is due to be granted, as we have before held. We stand upon that conclusion.

We might go on to say, however, that we have carefully examined the briefs filed here treating the *merits* of the appeal. And we do not think the judgment appealed from should be reversed, in any event.

The suit was by appellee (plaintiff) against appellant (defendant) and was ex delicto grounded in the fraud and deceit (claimed) of defendant practiced upon plaintiff whereby the latter was induced to

surrender and release a valuable cause of action then accrued on an insurance policy under which plaintiff was the named beneficiary. The value of the policy and right of action thereunder (claimed) was $1,000 and the consideration for the release the sum of $287 paid by defendant in liquidation of a funeral bill incurred by beneficiary (plaintiff). Plaintiff claimed the difference between these two sums.

The evidence showed, *or tended to show,* that defendant company took an application for a policy insuring the life of one Calvin Osborne on October 13, 1937, that Calvin Osborne gave defendant's agent a dollar bill on that occasion; that thereafter on October 25, 1937, a policy was issued pursuant to said application insuring the life of "Calvin Orbonee," and naming "John Orbonee" as beneficiary. The face value of said policy was $500, and the policy contained the usual double indemnity clause for accidental death. Neither the policy nor application contained any provision for the payment of an initial premium, nor did either contain the usual provision to the effect that the policy would not be in force until the payment of a fixed initial premium. The weekly premium was fixed at thirty cents (.30¢) and provided that "in consideration of the payment of the weekly premium mentioned herein, on or before each Monday during a period of whole life, or until the death of the persons named in schedule," etc., that defendant thereby insured the life of said "Calvin Orbonee." Another condition of the policy provided that "each payment is due and payable at the Home Office of the Company in advance." This policy was forwarded to the branch office maintained by defendant's agent at Huntsville, Alabama. On the following Saturday night, October 30, 1937, or Sunday morning, October 31, Calvin Osborne met an accidental death within the meaning of the policy. On the following Wednesday defendant's agent, who had taken the application, sent word to plaintiff to come to his office and assisted him in executing a death claim, telling plaintiff, "if this policy hadn't come in before the death of your son I couldn't deliver it." Several weeks thereafter one Vickrey, a claim agent of defendant company, contacted plaintiff and stated to plaintiff that defendant could not pay the claim as "the policy had not been delivered and was not in force and effect." Considerable conversation ensued and defendant's agent proposed that his company would pay the undertaker's bill if plaintiff would sign a release of all rights under the policy. This plaintiff did. The undertaker was paid the sum of $175 by the defendant company on the condition that undertaker give a receipt in full for the funeral bill of $287 which beneficiary had incurred in connection with the burial of insured.

The evidence showed that D. W. Osborne, the plaintiff, was the father of Calvin Osborne; the application introduced in evidence showed that the application for the policy involved in this lawsuit was made out in the name of Calvin Osborne, although the policy was issued naming "Calvin Orbonee" as insured. The policy, although naming "John Orbonee" as beneficiary, set forth the relationship to insured as "father." There were other facts tending to show beyond doubt that the real insured person was Calvin Osborne, and that the owner of the policy upon the death of Calvin Osborne, and the beneficiary under said policy, was D. W. Osborne, the plaintiff. The plaintiff framed a count of his complaint to cover the misnomer arising in connection with the policy.

The jury returned a verdict for the defendant, whereupon plaintiff duly filed a motion for a new trial. This motion was granted on September 7, 1939, and from this judgment defendant appeals.

■ There seems not so much more needed to be said by us. The suit, as appears, is one based upon the well recognized principle of law that one induced by fraudulent representations to enter into a contract has an election of remedies. He may rescind and restore the benefits obtained under such voidable contract, or he may affirm the voidable contract, retain the benefits thereof, and seek damages in an action ex delicto for injury sustained by reason of such fraud and deceit. Fairbanks, Morse and Co. v. Dees, 220 Ala. 41, 126 So. 624. Here, this latter alternative has been adopted by appellee.

■ His complaint was framed under the provisions of Code 1923, Sec. 8049, Code 1940, Tit. 7, § 108, under which a misrepresentation of material facts, made to induce action and which does induce action, even though innocently made, affords a basis not only for rescission of a contract so induced but likewise for an action of deceit.

That Code, Section 8049, had this meaning was clearly established in the case of Cartwright v. Braly, 218 Ala. 49, 117 So. 477, in the opinion in which earlier cases holding that this section authorized rescission, but not an action for deceit, where the representations were innocently made, were expressly overruled.

A number of written charges were given to the jury at appellant's request, notably charges numbered 15, 16, 17 and A, which were not in harmony with the law as contained in the just next preceding two paragraphs. And the erroneous giving of these several written charges to the jury was sufficient basis upon which to set aside the verdict of the jury and the judgment rendered thereon in appellant's favor, and to grant a new trial of the cause.

In addition, we might observe that the evidence was conflicting upon the material issues in the case. There was evidence supporting appellee's theory—which theory was sound in the law. There was evidence opposed.

The learned trial judge saw and heard the witnesses. He had a marked and well recognized advantage over us. He concluded that appellee's motion—one ground of which was that the verdict was against the great weight of the evidence— to set aside the said verdict should be granted. We see no sufficient reason for our interfering with his action.

The application for rehearing is overruled.

Application for rehearing overruled.

After Remandment.

PER CURIAM.

Our opinion written upon the occasion of our entering judgment dismissing the appeal in this case was framed in the full knowledge that it lay within the province of the Supreme Court to differ with us as to the law appertaining. And that what should be so said and held by that Court would become the law by which we should be governed. Code 1940, Title 13, § 95.

For that reason, and, as we thought, to save time and delay, we went on to express, in our opinion upon original submission of this cause, our views as to the merits of the appeal—to so denominate the exceptions made the subject of appellant's assignments of error which it argued here for a reversal of the judgment appealed from.

But our Supreme Court did not notice, on certiorari, what we had said as to the said merits of the appeal.

We now reiterate and repeat our said views. And order the judgment affirmed.

Affirmed.