43 So.2d 133

**BROCK v. STIMPSON.**

**7 Div. 31.**

Supreme Court of Alabama.

Dec. 1, 1949.

Irby A. Keener, of Centre, for appellant.

Hugh Reed, Jr., of Centre, for appellee.

SIMPSON, Justice.

This cause was originally submitted on motion to dismiss the appeal and on the merits in the Court of Appeals, but was subsequently transferred to this court under the provisions of § 96, Title 13, Code 1940.

The motion for dismissal takes the point that no citation of appeal was served on appellee or his attorney, as required by § 801, Title 7, Code 1940. We have searched the record in vain to discover such notice, and, indeed, appellant's brief in opposition to the motion to dismiss seems to admit the absence thereof in the record. Due service of citation of appeal on the adverse party, his attorney or solicitor, is necessary to invoke the jurisdiction of this court, and without the record so showing, the appeal is subject to dismissal. Riddle v. Adams, 231 Ala. 596,

165 So. 848; McLeod v. Turner, 230 Ala. 673, 162 So. 309; State ex rel. Lynne v. Gurley, 217 Ala. 666, 117 So. 297. See also Supreme Court Rule 30, Code 1940, Tit. 7 Appendix.

But appellant contends that the action of appellee in filing a brief upon the merits and cross-assigning errors constitutes a waiver of service of such citation. Under our authorities it has been held that such action cannot be construed as a waiver. Riddle v. Adams, supra; Mutual Savings Life Ins. Co. v. Osborne, 30 Ala. App. 399, 7 So.2d 314.

Appellee's motion to dismiss is in proper form, due notice thereof was timely given, and the motion has, since its filing, been earnestly insisted upon. It results, therefore, that under the above-cited authorities the motion must of necessity be granted.

Appeal dismissed.

BROWN, FOSTER, and LIVINGSTON, JJ., concur.