104 So.2d 446

Russell **DUNCAN**

v.

**CITY OF SCOTTSBORO.**

**8 Div. 114.**

Court of Appeals of Alabama.

Oct. 15, 1957.

Rehearing Denied Oct. 29, 1957.

Appeal Dismissed After Remandment
June 24, 1958.

H. T. Foster, Scottsboro, for appellant.

Jas. M. Proctor, Scottsboro, for appellee.

PRICE, Judge.

Reversed and remanded on authority of Cooper v. Town of Valley Head, 212 Ala. 125, 101 So. 874.

'After Remandment

'Appellant was convicted for the violation of an ordinance of the City of Scottsboro.

The record fails to show that on the trial the ordinance alleged to have been violated was proven as required by law. We reversed the judgment and remanded the cause on the authority of Cooper v. Town of Valley Head, 212 Ala. 125, 101 So. 874, without opinion.

The city of Scottsboro petitioned the Supreme Court for writ of certiorari. The writ was first denied but on rehearing the writ was issued. The judgment was reversed and the cause remanded to us. Duncan v. City of Scottsboro, 267 Ala. 259, 104 So.2d 447.

Submission of the cause was set aside, the case was restored to the docket and the appellant granted sixty days in which to file brief if he so desired.

The record fails to show service of citation of appeal as provided by Title 7, Section 801, Code 1940. Such service being necessary to jurisdiction of this court on appeal, when the record fails to show service, the appeal must be dismissed. Riddle v. Adams, 231 Ala. 596, 165 So. 848; Brock v. Stimpson, 253 Ala. 138, 43 So.2d 133.

Appeal dismissed.

CATES, Judge (dissenting)'.

I say the substance of Code 1940, T. 7, § 801, has here been complied with.

The Circuit Clerk's certificate reads in part:

"I hereby certify that on the 14 day of December, 1956, the original of this record was delivered to the attorney of record for the said defendant [Duncan], *and a copy to the attorneys of record for the City of Scottsboro,* * * * all of which I hereby certify to the Court of Appeals of the State of Alabama." (Italics supplied.)

· The certified record contains a judgment entry showing, inter alia:

"The defendant gives notice of appeal to the Court of Appeals * * *".

There is also an approved appeal bond.

These three references, I think, conjoin to show the city has been cited to and adequately placed on notice of Duncan's appeal.

To require more of a formulary mechanism would put form too much above substance. I do not read Mr. Justice LAWSON as coming to an opposite conclusion: otherwise, it would seem to me the Supreme Court would have given us an outright reversal.