101 So.2d 294

**C. L. CHAMBERS**

v.

**John L. FRYER, Adm'r, et al.**

**4 Div. 946.**

Supreme Court of Alabama.

March 6, 1958.

Fleming & Stephens, Elba, for appellant

E. C. Orme and J. B. Wiley, Troy, for appellees.

LAWSON, Justice.

The circuit court of Pike County, in equity, on October 18, 1957, rendered a decree which reads as follows:

"This cause coming on to be heard, is submitted on demurrer of the respondent Eunice Chambers, as Executrix of the Estate of Mrs. Velma Brazil Gilmore, deceased, and individually, C. L. Chambers, Dick Chambers, Mrs. Lillian Anderson Reddock and Lex Logan. Said demurrers are filed jointly to the bill of complaint.

"On due consideration, it is the opinion of the Court that said demurrers as

to each of said respondents should be overruled. 'A joint demurrer addressed to any pleading must be good as to each of the demurrants, or it will be bad as to each.' Scott v. Jackson Securities & Investment Co., 225 Ala. 90, 142 So. 76.

"It is therefore ordered, adjudged and decreed by the Court that the demurrers filed jointly by each of the respondents enumerated herein be, and the same are overruled. Said respondents each has twenty days in which to answer."

On November 14, 1957, C. L. Chambers alone appealed from that decree. Since the other persons affected by the decree sought to be reviewed did not join in the appeal, summons should have been served on them as provided in § 804, Title 7, Code 1940. Cosby v. Moore, 259 Ala. 41, 65 So.2d 178. See Sellers v. Smith, 143 Ala. 566, 39 So. 356.

None of them, as far as we can determine, has been notified of this appeal as provided by § 804, Title 7, supra. They have not been brought in by order of this court, nor have they joined in the assignments of error or otherwise waived the notice to which we have referred. See Cosby v. Moore, supra; Barker v. Barker, 249 Ala. 322, 31 So.2d 357; Lane v. Henderson, 232 Ala. 122, 167 So. 270; Louisville & N. R. Co. v. Shikle, 206 Ala. 494, 90 So. 900. Lex H. Logan signed the appeal bond as surety but not as principal. See Smith v. Collier, 210 Ala. 23, 97 So. 101.

The record does not show that citation of appeal was served upon the appellees as provided by § 801, Title 7, Code 1940. However, the appellees have made their general appearance in this court contesting the appeal upon its merits without making any motion to dismiss, hence they have waived any lack of notice of appeal as provided by § 801, Title 7, supra. Mutual Sav. Life Ins. Co. v. Osborne, 30 Ala. App. 399, 7 So.2d 314. But see Brock v. Stimpson, 253 Ala. 138, 43 So.2d 133, where-

in it is pointed out that a motion to dismiss the appeal timely filed by appellee is not waived by appellee's action in filing a brief upon the merits and cross-assigning errors.

 For want of proper parties when the submission was had, the appeal is dismissed by this court *ex mero motu.* Sherrod v. McGruder, 209 Ala. 260, 96 So. 78; Matthews v. Donald, 263 Ala. 575, 83 So. 2d 291, and cases cited.

The appeal is dismissed.

Appeal dismissed.

SIMPSON, GOODWYN, MERRILL and COLEMAN, JJ., concur.