104 So.2d 630

### W. H. BOWLIN

v.

### Eldora Peck BOWLIN.

6 Div. 191.

Supreme Court of Alabama.

July 24, 1958.

Wm. B. McCullough, Birmingham, and Roger C. Landrum, Columbus, Miss., for appellant.

Gibson & Hewitt, Birmingham, for appellee.

LIVINGSTON, Chief Justice.

This appeal is from the final decree rendered on submission of the cause on the pleading and proof, and is submitted here without suggestion of a diminution of the record, or motion for certiorari to perfect it under Revised Rule 18 of the Supreme Court of Alabama, Code 1940, Tit. 7 Appendix. The cause is submitted here on motion to dismiss the appeal and on the merits. The motion for dismissal takes the point that the transcript does not show the issuance, nor service, of a citation of appeal as provided by Sec. 801, Title 7, Code of 1940. The only notice of appeal appearing in the record is as follows:

"Comes W. G. Bowlin, complainant in the above styled and numbered

cause, and gives notice of appeal from the judgment of the Circuit Court of Walker County, Alabama, in Equity, rendered on January 23, 1957, in said styled and numbered cause, wherein said cause was decided adversely to Complainant and in favor of the respondent, Eldora Peck Bowlin, said appeal being to the Supreme Court of Alabama.

> "McCullough & McCollough
> 910–14 Frank Nelson Building
> Birmingham, Alabama
>
> "By   Wm. B. McCollough
>      "Roger C. Landrum
>      Roger C. Landrum
>      218 North Fifth Street
>      Columbus, Mississippi
> "Attorneys for complaint
> "Filed July 17, 1957
> "Jennie Lou Palmer, Register"

Clear enough, the foregoing is not a compliance with Sec. 801, supra.

■ The cause was submitted here on December 5, 1957. On December 6, 1957, the appellant filed in this court (omitting the caption) the following instrument:

> "Comes the Appellant, W. H. Bowlin, by his Solicitors of Record, and for Answer to Appellee's Motion to Dismiss the Appeal, says as follows:
>
> "1.  That Citation of Appeal was issued and served in the manner required by law.
>
> "2.  That if said issuance and service are not shown in the transcript and record, that Appellant does hereby move the Court to issue a Writ of Certiorari or such other process of this Court as may be necessary and proper to make such issuance and service a part of the record."

Revised Rule 18, supra, provides as follows:

> "A certiorari to perfect or bring up a complete record may be awarded, on motion of either party, at any time before the submission of the cause, if its object be to sustain a judgment, without a showing; but if to reverse a judgment, a sufficient showing must be made."

We have consistently held that Revised Rule 18, supra, imposes the duty on the appellant, before submission of his case, to pursue this remedy; but, having submitted the case without doing so, the court has no other alternative but to dispose of the case on the record as it now stands. Hogg v. Jenifer Iron Co., 215 Ala. 683, 112 So. 207; Allen v. Allen, 223 Ala. 223, 135 So. 169. As above stated, the record discloses no compliance with Sec. 801, supra.

■ We have also consistently held that the service of citation of appeal, not waived, is necessary to the jurisdiction of this court on appeal, and when the record fails to show such service, appeal should be dismissed. McLeod v. Turner, 230 Ala. 673, 162 So. 309; State ex rel. Lynne v. Gurley, 217 Ala. 666, 117 So. 297; Riddle v. Adams, 231 Ala. 596, 165 So. 848; Brock v. Stimpson, 253 Ala. 138, 43 So.2d 133. We have also held that filing of a brief by the appellee on the merits does not constitute a waiver of notice of such citation. Brock v. Stimpson, supra.

■ Considering appellant's "Answer," above set out, as a suggestion of a diminution of the record, it is unavailing for at least two reasons: (1) It comes too late, (2) it fails to comply with Revised Rule 18, in that a sufficient showing is not made for its filing as required by Rule 18, supra, even if it had been filed in time.

■ Appellee's motion to dismiss is in proper form, notice was timely given, and since its filing, it has been insisted upon. Therefore, the motion to dismiss must of necessity be granted under the above-cited authorities.

Appeal dismissed.

LAWSON, SIMPSON, GOODWYN and COLEMAN, JJ., concur.