105 So.2d 93

**Curt ESPEY et al.**

v.

**STATE of Alabama ex rel. Fred W. NICOL,
Deputy Solicitor.**

**6 Div. 226.**

Supreme Court of Alabama.

Sept. 11, 1958.

Geo. S. Wright and Wm. J. Donald, Tuscaloosa, for appellant.

John Patterson, Atty. Gen., and Wm. C. Younger, Asst. Atty. Gen., for appellee.

SIMPSON, Justice.

This is an appeal by Curt Espey and Evra Espey from a final decree in equity rendered September 30, 1957, perpetually enjoining appellants from selling or keeping, for sale prohibited liquors on certain described premises, and from keeping, operating or maintaining a liquor nuisance on said premises; and ordering that the building on said premises be closed and padlocked for twelve months from that date.

The decree was rendered in a suit in equity begun by Fred W. Nicol as deputy solicitor for the Sixth Judicial Circuit of Alabama.

This appeal is taken by respondents with execution of security for costs, duly approved by the register as provided by section 792, Title 7, Code, and citation of appeal directed to Fred W. Nicol, solicitor of record for complainant, the State of Alabama: service of which was accepted by "Fred W. Nicol, solicitor of record for the complainant, the State of Alabama". The State, by the Attorney General, has moved to dismiss the appeal on several grounds. One of the grounds argued in the brief of the Attorney General on said motion is that the citation of appeal was not served on him, and that its service upon the solicitor instituting and prosecuting the suit does not comply with the law. In support of that contention the State relies upon the authority of section 228, Title 55, Code. Said section provides, among other things: "He (Attorney General) must attend, on the part of the state, * * * to all civil suits in which the state is a party in the same (Supreme, etc.) courts".

The cause was submitted on said motion and on merits.

■ The transcript was filed in this court on December 16, 1957. The errors were assigned on it at that time, being dated December 13, 1957, as required by Supreme Court Rule 1, Code 1940, Tit. 7 Appendix. There appears, following the assignments of error on the transcript, a joinder in error by the Attorney General dated December 31, 1957, as provided in said rule. Such joinder in error, following the assignments of error on the record, is a waiver by the Attorney General of the citation of appeal required by section 801, Title 7, Code. The purpose of the citation is to be sure that the Attorney General has record notice of the appeal. As stated above the transcript was filed December 16, 1957 and the joinder in the assignments of error was dated December 31, 1957, which was notice of appeal to the Attorney General. The motion to dismiss, therefore, on the stated ground is overruled. 5 C.J.S. Appeal and Error § 1296, p. 203.

Other grounds of the motion to dismiss the appeal are: that a copy of the transcript was not served on appellee or its attorney as required by section 768, Title 7, Code; that there has been no certificate of appellants or their counsel that a copy of the assignments of error has been served on appellee or its counsel, (nor do we find such a certificate in the record—Supreme Court Rule 1).

■ The joinder in error by the Attorney General made on the record a few days after the transcript was filed in this court shows of record that the Attorney General knew that the appeal had been taken, knew what the assignments of error were, and that he had access to the record. The defects noted were therefore waived. 5 C.J.S. Appeal and Error § 1296, p. 203.

Since the motion to dismiss the appeal should not be sustained, we shall proceed to a consideration of the merits of the cause.

On The Merits.

105 So.2d 75

These proceedings were begun by the State, on relation of Fred W. Nicol, deputy solicitor of the Sixth Judicial Circuit, under the provisions of sections 141 et seq., Title 29, Code, to abate an alleged liquor nuisance. This appeal is from a final decree making permanent a temporary injunction theretofore granted and ordering a padlocking of the premises known as the "Curt Espey Place," which are more particularly described in the bill of complaint.

■■ The cause was heard in the Circuit Court, in Equity, of Tuscaloosa County on testimony taken ore tenus before the trial judge. The testimony supported the decree which has the effect of a verdict of the jury. Pritchett v. Wade, 261 Ala. 156(3), 73 So.2d 533; Harvell v. State, 235 Ala. 329, 179 So. 233.

■ We realize that padlocking is a severe remedy depriving one of the use of his property for lawful purposes, and should be exercised only as a necessary measure to enforce the law. But "where the party is shown by his conduct to be a persistent violator of the law, determined to evade it, padlocking is proper, but to be modified where it sufficiently appears the property will not be again employed in the conduct of a liquor nuisance". Garrett v. State, ex rel. Matthews, 235 Ala. 457, 179 So. 636.

The same question has been tried in several other cases which came before this court, and we feel a delineation of the facts with a detailed discussion is unnecessary. Thompson v. State, Ala., 99 So.2d 198;[1] Gorman v. State, 240 Ala. 175, 198 So. 3; Garrett v. State, ex rel. Matthews, supra.

The decree of the lower court is affirmed.

Affirmed.

LAWSON, GOODWYN and MERRILL, JJ., concur.

[1]. 267 Ala. 22.