109 So.2d 130

**Mallie D. PARKER**

v.

**Amelia DOWNING.**

6 Div. 312.

Supreme Court of Alabama.

Jan. 15, 1959.

Rehearing Denied Feb. 19, 1959.

Smyer, Smyer, White & Hawkins, Birmingham, for appellant.

Huey, Stone & Patton, Bessemer, for appellee.

LAWSON, Justice.

Amelia Downing filed her bill in the Circuit Court of Jefferson County, in Equity, Bessemer Division, seeking a sale of certain real property for division of proceeds among alleged tenants in common. Respondents to this bill were Mrs. Mallie Downing Parker, in her individual and representative capacities; Mrs. Nannie Bragg; Mrs. Lillie Downing; and Mrs. Dorothy Downing Eudy.

The trial court rendered a decree wherein it ordered that the suit property be sold for division of proceeds among the parties litigant. From that decree the respondent Mrs. Mallie Downing Parker appealed to this court.

The record shows that citation of appeal was served upon counsel for appellee, Mrs. Amelia Downing, the complainant below, as provided by § 801, Title 7, Code 1940.

■ But the record does not show that any of the other respondents were notified of this appeal as provided by § 804, Title 7, Code 1940. Since they were affected by the decree sought to be reviewed and did not join in the appeal, summons should have been served on them as provided in § 804, Title 7, supra.

■ Prior to submission the respondent below, Mrs. Nannie Bragg, voluntarily appeared and filed a brief wherein she, in effect, adopted the assignments of error of the appellant, Mrs. Mallie Downing Parker. The effect of this action is an unqualified appearance and a waiver of summons or other notice on the part of Mrs. Bragg. Louisville & N. R. Co. v. Shikle, 206 Ala. 494, 90 So. 900; Shaddix v. Wilson, 261 Ala. 191, 73 So.2d 751.

But the respondents below, Mrs. Lillie Downing and Mrs. Dorothy Downing Eudy, so far as this record discloses, have not been notified of this appeal as provided by § 804, Title 7, supra. They have not been brought in by order of this court nor have they joined in the assignments of error or otherwise waived the notice to which we have referred. See Cosby v. Moore, 259 Ala. 41, 65 So.2d 178; Barker v. Barker, 249 Ala. 322, 31 So.2d 357; Lane v. Henderson, 232 Ala. 122, 167 So. 270; Louisville & N. R. Co. v. Shikle, supra.

■ For want of proper parties when the submission was had, the appeal is dismissed by this court *ex mero motu*. Sherrod v. McGruder, 209 Ala. 260, 96 So. 78; Hagood v. Cleckler, 221 Ala. 379, 129 So. 2; McKinstry v. Thomas, 258 Ala. 690, 64 So.2d 808; Rush v. Newsom Exterminators, 261 Ala. 610, 75 So.2d 112; Matthews v. Donald, 263 Ala. 575, 83 So.2d 291; Chambers v. Fryer, 267 Ala. 320, 101 So.2d 294.

The appeal is dismissed.

Appeal dismissed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.