138 So.2d 700

Martha A. STERRETT

v.

Thomas D. BEASLEY et al.

4 Div. 55.

Supreme Court of Alabama.

Dec. 21, 1961.

Rehearing Denied March 22, 1962.

1. Ante, p. 254.

Cato & Hicks, Birmingham, and Crews Johnston, Clayton, for appellant.

A. B. Robertson, Jr., Clayton, for appellees.

MERRILL, Justice.

This appeal is from a decree making permanent a temporary injunction enjoining appellant from holding an advertised mortgage foreclosure sale. The trial court held that the mortgage debt was barred as to all parties except Juanita Wise by the statute of limitations of twenty years. Tit. 47, § 174, Code 1940.

Appellees filed a motion to dismiss the appeal and it appears that the motion must be granted.

It was stipulated that Juanita Wise and Ruth Farrior were stricken as parties complainant, and were added as parties respondent; and that they appeared "in their own proper person without counsel," and they adopted as their pleadings the pleadings of appellant. Thus, Juanita Wise and Ruth Farrior were respondents when the court entered a decree in favor of complainants.

The appeal is by respondent, Martha A. Sterrett, alone. Tit. 7, § 804, Code 1940, provides in pertinent part as follows:

"Any party against whom a judgment or decree is rendered, may individually appeal to the supreme court or court of appeals without taking the appeal in the name of the other codefendant, but the clerk or register of the court from which the appeal is taken, shall issue a summons when the appeal is so taken, to such as do not join in the appeal to appear before the supreme court or court of appeals at the time to which the appeal is returnable, and unite in said appeal if he see proper, which summons may be served upon the party, or his attorney of record in the lower court. * * *"

The record does not show that Juanita Wise or Ruth Farrior were served with notice of the appeal. They have not been brought in by order of this court nor have they joined in the assignments of error or otherwise waived the notice required to be given them by the statute.

For want of proper parties when the submission was had, the motion to dismiss

the appeal must be granted. Parker v. Downing, 268 Ala. 616, 109 So.2d 130; Chambers v. Fryer, 267 Ala. 320, 101 So. 2d 294; Matthews v. Donald, 263 Ala. 575, 83 So.2d 291; McKinstry v. Thomas, 258 Ala. 690, 64 So.2d 808; Hagood v. Cleckler, 221 Ala. 379, 129 So. 2; Sherrod v. McGruder, 209 Ala. 260, 96 So. 78.

The transcript in this cause was filed in this court on March 27, 1961; appellant's brief was timely filed and request for oral argument made. Counsel for the parties appeared and argued the cause on November 7, 1961. Before submission and before counsel for appellees made his argument, he announced that he had filed a motion to dismiss the appeal because the record failed to show that notice of appeal had been given the parties respondent, Wise and Farrior, under Tit. 7, § 804. Argument was concluded and the case was submitted to this court.

On November 13, appellant filed a motion to withdraw the case from submission, assigning as grounds that the register of the lower court inadvertently failed to give notice to the two respondents, but that they had actual knowledge of the appeal. On November 15, we received written statements from respondents Wise and Farrior that they knew that the case had been appealed to this court and that they waived any further notice of the appeal.

Had a motion been made to delay submission when oral argument was made, or had we received the statements of the non-notified respondents *before* submission, there would have been no need for a dismissal of the appeal. But the act of submission to this court is the final deadline where both parties have notice of the deficiency. This seems to be the rule governing our cases.

In Barker v. Barker, 249 Ala. 322, 31 So.2d 357, the motion to dismiss was overruled because the codefendant joined in the assignments of error *before* submission. And this identical statement appears in Parker v. Downing, 268 Ala. 616, 109 So.

2d 130; Chambers v. Fryer, 267 Ala. 320, 101 So.2d 294, and Matthews v. Donald, 263 Ala. 575, 83 So.2d 291, 293: "For want of proper parties when the submission was had, the appeal is dismissed by the court ex mero motu."

The same rule obtains where the record fails to show service of citation on the adverse party to the appeal, Tit. 7, § 801. In Bowlin v. Bowlin, 267 Ala. 655, 104 So. 2d 630, the cause was submitted after oral argument, and after, as here, the absence of the citation of appeal was called to the attention of appellant during oral argument. The day after submission, appellant sought a writ of certiorari to perfect the record by showing that a notice of appeal had been issued and served. It was held that the court had no alternative than to dispose of the case on the record as submitted, and the appeal was dismissed.

In Brock v. Stimpson, 253 Ala. 138, 43 So.2d 133, it was held that the filing of a brief by the appellee on the merits does not constitute a waiver of notice of citation of appeal. Certainly the appellee would have known of the appeal if he filed a brief on the merits, but our cases hold that knowledge of the appeal is not enough. The record must show service of notice unless there is a waiver before submission, because the notice is necessary to the jurisdiction of this court on appeal. Bowlin v. Bowlin, 267 Ala. 655, 104 So.2d 630, and cases there cited.

We would prefer to apply the rule of Hargett v. Hamilton, 270 Ala. 425, 119 So. 2d 208, and Self v. Hane, 262 Ala. 446, 79 So.2d 549, where we did not dismiss the appeal when the party appealing was the only one having reason to complain of the decree. But here, respondent Wise has every reason to complain. All the joint owners of the lands except her are relieved of any obligation under the mortgage, but the decree specifically makes her liable because she made a payment on the debt after the passage of twenty years without any payments. The decree appealed from di-

rectly affected her and her rights and it could not be affirmed, modified or reversed by this court in the absence of our jurisdiction of her on this appeal, and such jurisdiction had to be acquired before submission of the cause.

Appeal dismissed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.