139 So.2d 335

Mrs. Linnie LOVELADY

v.

Werth THOMAS, Administrator.

3 Div. 992.

Supreme Court of Alabama.

March 22, 1962.

Brobston & Brobston, Bessemer, for appellant.

Poole & Poole, Greenville, for appellee.

MERRILL, Justice.

Appellee filed a motion to dismiss this appeal for two reasons. The first is that the transcript was not filed in the Supreme Court within sixty days after the appeal was taken. This reason is not sufficient. The other ground is that the record shows no citation of appeal was issued or served as required by Tit. 7, § 801, Code 1940. This omission requires that the motion to dismiss be granted.

This appeal resulted from a nonsuit taken by plaintiff after defendant's demurrer was sustained to the amended counts of the complaint.

■ The appeal was duly taken on October 26, 1961. We have held that where the appeal is on the record proper without a transcript of the evidence, the transcript of the record must be filed in this court within sixty days after the taking of the appeal where there has been no request for an extension of time in the lower court as required by Supreme Court Rule 37, as amended, (263 Ala. XXI). Calvert v. Calvert, 265 Ala. 529, 92 So.2d 891; Duke v. State, 264 Ala. 624, 89 So.2d 102.

■ The transcript of the record should have been filed here December 26, 1961. (That is sixty-one days, but within the time prescribed because the last day, the 25th, was a holiday). On January 5, 1962, the clerk asked for an extension to and including January 20, 1962, because of his illness, and the extension was granted by the trial judge. That was permissible under Rule 37, as amended, which provides in pertinent part:

"* * * The trial judge may extend the time for filing transcript of the record in this court for good cause shown for not to exceed thirty days, and this extension may be made within the thirty additional days, provided that in no event shall such extension project the time for filing the transcript beyond ninety days. * * *"

The transcript was filed in this court on January 8, 1962, well within the extension granted, and the ninety days from the taking of the appeal on October 26, 1961. The appeal should not be dismissed because the transcript was not filed here within sixty days after the appeal was taken.

Title 7, § 801, requires that the clerk must issue a citation to the adverse party, notifying him of the appeal, and this notice must be served on him or his attorney. The transcript shows no such notice. The motion to dismiss the appeal on that ground was filed here on January 23, 1962, and the cause was submitted on February 5, 1962.

This court has consistently held that the service of citation of appeal, not waived, is necessary to the jurisdiction of this court on appeal, and when the record fails to show such service, the appeal should be dismissed. Bowlin v. Bowlin, 267 Ala. 655, 104 So.2d 630; Brock v. Stimpson, 253 Ala. 138, 43 So.2d 133; Riddle v. Adams, 231 Ala. 596, 165 So. 848; McLeod v. Turner, 230 Ala. 673, 162 So. 309; State ex rel. Lynne v. Gurley, 217 Ala. 666, 117 So. 297. Under these authorities, the appeal must be dismissed.

The author of this opinion has always felt that the filing of a brief on the merits by the appellee before submission should be considered a waiver of notice because the brief of appellee was strong evidence that he had notice of the appeal. We have held that a joinder in the assignments of error on the record is a waiver of the citation of appeal required by Tit. 7, § 801. Espey v. State ex rel. Nicol, 268 Ala. 109, 105 So. 2d 93; and we have said that when an appellee makes a general appearance in this court contesting the appeal upon its merits without making any motion to dismiss, he has waived any lack of notice as provided by Tit. 7, § 801. Chambers v. Fryer, 267 Ala. 320, 101 So.2d 294; Mutual Sav. Life Ins. Co. v. Osborne, 30 Ala.App. 399, 7 So.2d 314.

However, our cases have categorically held that the filing of a brief by the appellee on the merits does not constitute a waiver of notice of such citation, when a motion to dismiss has been made prior to submission. Bowlin v. Bowlin, 267 Ala. 655, 104 So.2d 630; Brock v. Stimpson, 253 Ala. 138, 43 So.2d 133, and cases there cited. Until these cases are overruled or the Legislature changes the rule, they should be followed and have priority over one's feelings as to the better rule.

Appeal dismissed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.