216 So.2d 191

Horace PATE

v.

STATE.

7 Div. 933.

Court of Appeals of Alabama.

Nov. 26, 1968.

Horace Pate, pro se.

MacDonald Gallion, Atty. Gen., for the State.

CATES, Judge.

Appellant, convicted as a child molester, has come up on the record proper, i. e., without a transcript of the evidence being bound in the record.

Judgment fell on December 18, 1967; the trial judge passed sentence of two years in the penitentiary. At allocutus Pate responded, "Yes it was in Clay County not Cleburne, I'm not guilty."

We pretermit the ramifications of this belated try at confession and avoidance. The State has moved that we strike the record and dismiss the appeal.

This motion is due to be granted. Relf v. State, 267 Ala. 3, 99 So.2d 216.

At arraignment Pate had when asked the Martin approved (Martin v. State, 277 Ala. 153, 167 So.2d 912) questions, answered, "I don't have the money now." R. 5. Whereupon, at his request the circuit judge appointed trial counsel for him.

Pate at sentencing, however, (a) asked for suspension of execution pending appeal; and (b) "stated that he had a lawyer in Alexandria (sic) City, Alabama that was going to appeal the case for him."

Moreover, on December 19, the day after sentencing, Pate posted an appeal bond of $3,000.00. Accordingly, there is nothing in the record before us to bespeak his indigency on appealing.

The record was not filed here until June 5, 1968. It should have come to our clerk by February 16, 1968.

The citation to the District Attorney notifying him of the appeal was not served until June 1, 1968. As we read Code 1940, T. 7, § 801, it would seem the provisions are for the benefit of the appellee, here the State. Hence, the delay does not in anywise extend the time for filing the record in this court.

Motion granted; record stricken; appeal dismissed.