257 So.2d 333

MID-STATE HOMES, INC., a Corporation

v.

Willie ROBERTS and Rose Roberts.

2 Div. 543.

Supreme Court of Alabama.

Jan. 27, 1972.

———◆———

R. A. Norred, Birmingham, for appellant.

Hubbard & Waldrop, Tuscaloosa, O. S. Burke, Greensboro, for appellees.

BLOODWORTH, Justice.

This case has been submitted to the court on motion to dismiss the appeal and on the merits.

Appeal was taken from a final decree of the circuit court of Hale County, in equity, declaring void a certain note and mortgage executed by appellees to Jim Walter Corporation and assigned by it to appellant.

Appellees' motion to dismiss the appeal is grounded on their averments that no "Citation of Appeal" was ever issued by the register of the circuit court of Hale County, in equity, nor has such citation been served on either of them or on their attorney.

Omitting the caption, and certificate of service, the transcript shows the following "Citation on Appeal," viz.:

### "CITATION ON APPEAL

"TO: The Honorable O. S. Burke

Attorney at Law

Greensboro, Alabama

"Please take notice that the respondent, Mid-State Homes, Inc., a corporation, has given notice of appeal, and filed bond for security for costs, from the decree of this Court rendered on the 16th day of April, 1971, returnable to the next term of the Supreme Court of Alabama.

"Please take further notice that the Respondent, Jim Walter Corporation, a corporation, waives any notice or citation on said appeal."

"R. A. Norred

"R. A. Norred, Attorney for Respondent,

Mid-State Homes, Inc., a corporation, and for Respondent, Jim Walter Corporation, a corporation."

Section 801, Title 7, Code of Alabama 1940, requires as follows:

"§ 801. Citation on appeal.—Upon an appeal being taken, *the register*, or clerk of the circuit court, or the judge of probate, *must issue a citation to the adverse party*, returnable to the day to which the appeal is returnable, notifying him of the appeal, *which must be served on him, or his attorney*, or solicitor, at least ten days (unless otherwise provided) before the day to which the appeal is returnable." [Our emphasis]

In the instant case no citation was ever issued by the register, as required by the statute. This court specifically held in Bowlin v. Bowlin, 267 Ala. 655, 104 So.2d 630 (1958), that an attorney's "Notice of Appeal" "is not a compliance with Sec. 801, supra." There was no citation issued in *Bowlin*.

A recent holding of this court, in Lovelady v. Thomas, 273 Ala. 246, 139 So.2d 335 (1962), is dispositive of the motion on the point that the register's "citation of appeal" was never served:

> "This court has consistently held that the service of citation of appeal, not waived, is necessary to the jurisdiction of this court on appeal, and when the record fails to show such service, the appeal should be dismissed. Bowlin v. Bowlin, 267 Ala. 655, 104 So.2d 630; Brock v. Stimpson, 253 Ala. 138, 43 So. 2d 133; Riddle v. Adams, 231 Ala. 596, 165 So. 848; McLeod v. Turner, 230 Ala. 673, 162 So. 309; State ex rel. Lynne v. Gurley, 217 Ala. 666, 117 So. 297. Under these authorities, the appeal must be dismissed."

The appeal must, therefore, be dismissed on these authorities.

We think it is not inappropriate at this point to quote the observation made in Lovelady v. Thomas, supra, after the court had acted to dismiss that appeal, viz:

> "The author of this opinion has always felt that the filing of a brief on the merits by the appellee before submission should be considered a waiver of notice because the brief of appellee was strong evidence that he had notice of the appeal. We have held that a joinder in the assignments of error on the record is a waiver of the citation of appeal required by Tit. 7, § 801. Espey v. State ex rel. Nicol, 268 Ala. 109, 105 So.2d 93; and we have said that when an appellee makes a general appearance in this court contesting the appeal upon its merits without making any motion to dismiss,

he has waived any lack of notice as provided by Tit. 7, § 801. Chambers v. Fryer, 267 Ala. 320, 101 So.2d 294; Mutual Sav. Life Ins. Co. v. Osborne, 30 Ala.App. 399, 7 So.2d 314.

> "However, our cases have categorically held that the filing of a brief by the appellee on the merits does not constitute a waiver of notice of such citation, when a motion to dismiss has been made prior to submission. Bowlin v. Bowlin, 267 Ala. 655, 104 So.2d 630; Brock v. Stimpson, 253 Ala. 138, 43 So.2d 133, and cases there cited. Until these cases are overruled or the Legislature changes the rule, they should be followed and have priority over one's feelings as to the better rule."

Appeal dismissed.

HEFLIN, C. J., and LAWSON, COLEMAN and McCALL, JJ., concur.

HEFLIN, Chief Justice (concurring):

This case has been decided on a technicality, rather than on its merits. Act No. 964, Acts of Alabama, 1971, Regular Session, approved September 7, 1971, conferred upon the Supreme Court of Alabama broad rule-making power to adopt a new system of rules to govern procedure in appellate practice. This Act, which recites that its purpose is to promote the speedy determination of litigation in the appellate courts on its merits, specifically states that the Supreme Court may disregard any laws, rules of court, and court decisions which may be inconsistent with any new rule or rules insofar as the same may be done constitutionally. For the purpose of aiding and assisting this Court in formulating such new system of rules, an Advisory Committee has been appointed. This committee is presently working on this task. Hopefully, such new system of rules will prevent decisions on a technicality such as was involved in this case. Pending the op-

portunity to adopt such new system of rules in an orderly fashion following the receipt of recommendations from such Advisory Committee, I feel I must follow the prior decisions of this Court. Therefore, I concur in the opinion of Bloodworth, J.