281 So.2d 658

**Billy Joe HALL**

**v.**

**STATE.**

**8 Div. 198.**

Court of Criminal Appeals of Alabama.

Jan. 23, 1973.

Rehearing Denied Feb. 20, 1970.

No brief from appellant.

William J. Baxley, Atty. Gen. and Richard F. Calhoun, Asst. Atty. Gen., for the State.

GREEN, Circuit Judge.

The appellant, a licensed pharmacist in Alabama, was adjudged guilty by jury verdict and sentenced to three years imprisonment for the unlawful possession of a drug in violation of Section 5(c), Act 252, Acts of Alabama, Regular Session, 1967; Title 22, Section 255(11)(c), Code 1958 Recompiled, and repealed by Act 1407, Section 508, Acts of Alabama, Regular Session, 1971.

■ The record shows that the appellant was represented by retained counsel at every stage of the proceedings below. The record does not contain assignment of errors and no brief from the appellant was filed in this court. The paramount law for review of criminal appeals is Title 15, Section 389, Code 1940. No assignments of error or brief are mandatory. Review is limited to matters of jurisdiction of the appellate court and those matters upon which action or ruling in the trial court was invoked and had. Lockwood v. State, 33 Ala.App. 337, 33 So.2d 401; Segers v. State, 283 Ala. 682, 220 So.2d 848.

■ The declaration of the organization of the trial court in the record does not conform to the form for such showing as set forth in Supreme Court Rule 24, Code 1940, Title 7, Appendix. The lack of such a declaration is jurisdictional and appellate courts take notice thereof ex mero motu. Bunn v. State, 44 Ala.App. 68, 202 So.2d 176. There appears no question in the record made against the organization of the court which received the indictment of the grand jury against the appellant. There appears no question in the record made against the organization of the court which tried the case of the appellant here appealed. Therefore, there appears no need for the exception to the form re-

quired by Rule 24. The organization in the instant record shows that the trial of the case was held by the court at a time and place designated by law and presided over by officers authorized by law and served by officers authorized by law. The defect in form of the organization of the court is not considered as a jurisdictional defect resulting in the appeal being dismissed since the detailed form used expressly negates the merest possibility of usurpation by interlopers in the trial court. Tidwell v. State, 41 Ala.App. 296, 130 So. 2d 206.

 The record fails to show service of the citation of appeal upon the District Attorney as provided by Title 7, Section 801, Code 1940. The record does not show that service of the citation of appeal was accepted by the District Attorney. These provisions are for the benefit of the appellee, here the State. Pate v. State, 44 Ala. App. 553, 216 So.2d 191. Such service is necessary to the jurisdiction of the court on appeal. When the record fails to show such service, unless waived, the appeal must be dismissed. Duncan v. City of Scottsboro, 39 Ala.App. 510, 104 So.2d 446; Espey v. State, 268 Ala. 109, 105 So.2d 93. The appellee did not appear specially and move to dismiss the appeal. The appellee has filed a brief contending there is no error in the record and the judgment of conviction and sentence should be affirmed. The appellee has therefore made a general appearance in the appellate court contesting the appeal upon the merits and waived the lack of service of the citation of appeal. Mutual Savings Life Ins. Co. v. Osborne, 30 Ala.App. 399, 7 So.2d 314.

The appellant was indicted, tried and convicted for an offense provided in sections of Act 252, supra, as follows:

Section 2(c) The possession of a drug in violation of section 5(c).

Section 5(c) No person, other than a person described in subsection (a) or subsection (b)(2) shall possess any depressant or stimulant drug unless (1) such drug was obtained upon a valid prescription, and is held in the original container in which such drug was delivered; or (2) such drug was delivered by a practitioner in the course of his professional practice and the drug is held in the immediate container in which such drug was delivered.

Subsection (a) referred to above exempts the prohibition against possession of depressant or stimulant drugs to certain manufacturers, pharmacies, hospitals, physicians, dealers, employees or agents of the persons named. Subsection (b)(2) refers to common carriers or warehousemen and has no relationship to the instant case.

The indictment upon which the appellant was tried and convicted charged that the appellant:

"* * * did on to-wit: January 4, 1971 while at or near, the foot of Sand Mountain on highway #431 in Marshall County, Alabama unlawfully possess 23 tablets of Amphetamine content and 296 capsules of Amphetamine in combination with a Barbiturate all of which was depressant or stimulating drugs, contrary to and in violation of the provisions of Act Number 252 of 1967 Regular Session of the Alabama Legislature, otherwise known as the Alabama Drug Abuse Control Act, and that such possession took place subsequent to August 24, 1967, against the peace and dignity of the State of Alabama."

 It is clearly apparent that the indictment upon which the defendant was tried, convicted and sentenced does not comply with the rule that if exceptions are incorporated into the section defining the offense it is necessary to allege in the indictment that the defendant does not come within the exceptions or negative the lawful or innocent possession of a depressant or stimulant within the statutory language of Section 5(c), Act 252, supra. Dorgan v. State, 29 Ala.App. 362, 196 So. 160; Sizemore v. State, 45 Ala.App. 126, 226

So.2d 669. In the case of Clark v. State, 19 Ala. 552, 554, the Supreme Court stated:

"It is contended that the indictment is defective because it does not negative the proviso contained in the satute creating the offense. The rule on this subject is, that if there be any exception contained in the same clause of the act which creates the offense, the indictment must show negatively that the defendant does not come within the exception. * * * But where the act contains provisos and exceptions in distinct clauses, it is not necessary to state in the indictment that the defendant does not come within the exception, or to negative the proviso it contains. * * *"

The rule applicable to the indictment in this case can be distinguished from those indictments in cases in the class of Shiflett v. State, 37 Ala.App. 300, 67 So.2d 284. There the defendant was charged by indictment with the violation of Section 254, Title 22, Code 1940, in that he did possess a narcotic drug. The exceptions to the possession of a narcotic drug are in other separate sections from that creating the offense. The court correctly held in the Shiflett case that the indictment was not defective because of its failure to aver that the defendant was not within the exceptions or provisos of the act permitting certain persons to possess narcotics.

The use of the word "unlawfully" adds no potency to the indictment. The word, as used, merely signifies contrary to law. The use of the words "contrary to and in violation of the provisions of Act Number 252" have also been borne in mind.

"It is a general rule in indictments upon statutes, that, unless the statute be recited, neither the words *contra formam statuti,* nor any intendment or conclusion, will make good an indictment which does not bring the fact prohibited or commanded, in the doing or not doing whereof the offense consists, within all the material words of the statute." Doss v. State, 23 Ala.App. 168, 123 So. 237, quoting from Commonwealth v. Morse, 2 Mass. 128 at 131.

The mere use of the words quoted above cannot supply the essential averments of the elements of the statutory offense or negative the defendant's lawful or innocent possession of a depressant or stimulant drug.

It may be conceded that the appellant is informed of part of the crime which he is charged, but it by no means follows that he has been sufficiently informed of the acts which allegedly constitute the crime. It is apparent that, as drawn, every word contained in the indictment of an essential nature might be true, and at the same time, the appellant be guilty of no offense because—for aught alleged in the indictment, the possession of the drug might have been obtained (1) upon a valid prescription and held in the original container; or (2) delivered by a practitioner in the course of his professional practice and held in the immediate container in which the drug was delivered.

■ The defect in the indictment was not called to the attention of the trial court. The indictment fails to state any offense and cannot support a judgment of conviction. The appellate court must notice the defect on appeal as an error apparent on the record despite the absence of any attack on it in the court below. Brown v. State, 32 Ala.App. 246, 24 So.2d 450; Harmon v. State, 47 Ala.App. 1, 249 So.2d 369, cert. den. 287 Ala. 735, 249 So. 2d 370.

The decision of the court is not to be inferred by the appellee as holding that the indictment for possession of a depressant or stimulant drug under Section 5(c), supra, must allege that the appellant is not within the provisos or exceptions to the possession of a depressant or stimulant drug created by other separate sections of Act 252, namely, subsections (a) or (b)(2), for these are matters of defense which the

**612**

appellant must prove and the district attorney need not anticipate. Clark v. State, 19 Ala. 552.

The judgment of conviction of the circuit court shall be reversed and the cause remanded to the circuit court to quash the indictment and determine forthwith whether to bind the appellant over for action of the next grand jury. Mitchell v. State, 248 Ala. 169, 27 So.2d 36; Harmon v. State, supra.

The foregoing opinion was prepared by Hon. Riley P. Green, Jr., Circuit Judge, temporarily on duty on the Court pursuant to subsection (4) of Section 38, Title 13, Code 1940, as amended; the Court has adopted his opinion as its own.

The judgment below is hereby

Reversed and remanded.

CATES, P. J., and ALMON, TYSON and HARRIS, JJ., concur.

DeCARLO, J., dissents.