275 So.2d 167

**Kenneth O. TERRY**

v.

**CITY OF DECATUR.**

8 Div. 313.

Court of Criminal Appeals of Alabama.

March 20, 1973.

———◆———

W. L. Chenault, Decatur, for appellant.

Coleman & Cauthen, and David H. Bibb, Decatur, for appellee.

W. J. HARALSON, Supernumerary Circuit Judge.

The appeal from a conviction of driving while intoxicated was submitted in this court on October 26, 1972. On October 20, 1972, motion to dismiss was filed by the Appellee on the ground that no citation of appeal, as required by Title 7, Section 801, Code 1940, Recompiled 1958, appears in the record and that the record does not show that a citation was ever issued by the clerk, as required by that section.

Brief was filed by the appellant on October 3, 1972, and by the attorneys for the appellee on October 26, 1972. The record shows an assignment of error by the appellant, which is proper in appeals from convictions in municipal courts. The City joins in error with the express notation that it did not waive its motion to dismiss.

Compliance with Section 801, supra, is held to be mandatory and on a failure to comply the appeal must be dismissed. In Sachs v. Sachs, 274 Ala. 532, 149 So.2d 926, the Supreme Court stated, "Due service of citation of appeal on the adverse party, his attorney or solicitor is necessary to invoke the jurisdiction of this court (in the absence of waiver), and without the record so showing, the appeal is subject to dismissal. Brock v. Stimpson, 253 Ala. 138, 43 So.2d 133, and cases cited." See Duncan v. Scottsboro, 39 Ala. App. 510, 104 So.2d 446.

"By filing a brief on the merits the Appellee has not waived service of citation of appeal. Brock v. Stimpson, supra."

As noted heretofore, the filing of a brief and joinder in error by the City was expressly made without waiving its motion to dismiss. The brief and joinder in error would be considered only by this court if the motion were overruled. This does not constitute a waiver. Mutual Savings Life Ins. Co. v. Osborne, 30 Ala.App. 399, 7 So.2d 314. See cases collected in Ala.Digest, Appeal and Error, ⚖=429.

The motion to dismiss the appeal is due to be granted.

Aside from the above matter the brief of appellant does not comply with Rule 9, Revised Rules of Practice in the Supreme Court, Appendix to Title 7, Code 1940, Recompiled 1958. While assignments of error were made by appellant and appear in the record proper, the brief of appellant nowhere refers to those assignments which appellant seeks to argue. Those assignments of error not argued or insisted upon in argument in brief are considered waived. Epperson v. Stacey, 266 Ala. 396, 96 So.2d 750. Further, there is no reference to the pages of the transcript where the various issues involved appear. Failure to make such reference is a violation of Rule 9, supra. Copeland v. Crabtree, 44 Ala.App. 125, 203 So.2d 691.

The motion to dismiss the appeal, heretofore referred to, is hereby granted and the appeal in this cause is dismissed.

The foregoing opinion was prepared by Honorable W. J. HARALSON, Supernumerary Circuit Judge, serving as a Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Motion granted.

Appeal dismissed.

All the Judges concur.