164 So.2d 502

**CITY OF GADSDEN**

v.

**CIVIL SERVICE BOARD OF CITY OF GADSDEN.**

**7 Div. 603.**

Supreme Court of Alabama.

May 7, 1964.

Rehearing Denied May 21, 1964.

Roy D. McCord and J. Herbert Meighan, Jr., Gadsden, for appellant.

Arthur Burns and J. Richard Carr, Gadsden, for appellee Cartee.

MERRILL, Justice.

The Civil Service Board of Gadsden named Preston W. Cartee to fill a vacancy in the office of Police Chief of Gadsden. The City of Gadsden appealed to the circuit court. J. H. Snyder, the choice of the city commission for the office, intervened, filed pleadings and was represented before the circuit court, and after a hearing, the court held "in favor of the Civil Service Board of the City of Gadsden and Preston W. Cartee, and against the City of Gadsden, Alabama, A Municipal Corporation and J. H. Snyder; and that Preston W. Cartee is the legally selected Chief of the Police Department of Gadsden."

The City of Gadsden appealed to this court and appellee, the Civil Service Board, has filed a motion to dismiss the appeal on the ground, inter alia, that notice of the appeal was not served upon the intervenor, J. H. Snyder, or his attorneys, and that the intervenor has not joined in the appeal. The motion to dismiss the appeal must be granted.

Snyder's intervention was based upon the fact that he had been selected by the City Commission as Police Chief, that he was then acting as such officer and that the selection of Cartee by the Civil Service Board was illegal. He joined with the city in opposing the order of the Civil Service Board and the court granted the petition to intervene as Snyder had complied with the provisions of Tit. 7, § 247, Code 1940. Thus, Snyder became a party to the suit and was represented by his own attorneys, who did not represent the City of Gadsden.

Title 7, § 804, Code 1940 reads, in pertinent part:

"Any party against whom a judgment or decree is rendered, may individually appeal to the supreme court or court of appeals without taking the appeal in the name of the other codefendant, but the clerk or register of the court from which the appeal is taken, shall issue a summons when the appeal is so taken, to such as do not join in the appeal to appear before the supreme court or court of appeals at the time to which the appeal is returnable, and unite in said appeal if he see proper, which summons may be served upon the party, or his attorney of record in the lower court. * * *"

We have held that the record must show service of notice of appeal on a party against whom a judgment is rendered before submission, unless there is a waiver, because the notice is necessary to the jurisdiction of this court on appeal. Sterrett v. Beasley, 273 Ala. 259, 138 So.2d 700; Bowlin v. Bowlin, 267 Ala. 655, 104 So.2d 630.

Appellee's motion to dismiss the appeal was filed in this court on October 2, 1963, with a certificate that counsel for the city and counsel for Snyder were served with a copy of the motion on September 23, 1963. The case was set for argument on January 14, 1964, but was passed for two weeks and submitted to this court on briefs on motions and merits on January 29, 1964.

On January 31, 1964, after submission, appellant filed the following:

"Comes now the Appellant and says the motions to dismiss, filed by Appellee, Preston W. Cartee, are without merit and opposing said motions exhibits to the Court the brief filed by Appellant heretofore in this cause.

"Said Appellant makes known to the Court the fact that J. H. Snyder, Intervenor, is a necessary party to this appeal, and Appellant suggests to this Court that notice be served upon him as Intervenor so he may be heard and his contentions considered by this Court, and Appellant suggests to this Court that the record in this cause fails to show notice of this appeal served on said Intervenor.

"Appellant moves that this cause be continued until proper notice, according to law, has been served on said Intervenor, J. H. Snyder."

This shows that appellant concedes that Snyder "is a necessary party to this appeal," but the remedial action comes too late.

Snyder had not joined in the assignments of error before submission; he had as much reason to complain as did appellant and appellant was informed of the motion to dismiss and the reasons upon which the motion was based before submission of the cause to this court. Under these conditions, the motion to dismiss must be granted. Sterrett v. Beasley, 273 Ala. 259, 138 So.2d 700, and cases there cited. We held in the Sterrett case that the act of submission of a case to this court is the final deadline where both parties have notice of the deficiency in the record regarding notice of appeal.

Appeal dismissed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.