## JAMES CAIN v. THE STATE.

18 387
39a 599

However little apparent reason there may be for still adhering to the technical language of the common law in framing indictments, or applying its strict rules of construction to criminal proceedings, the Courts have not felt at liberty to depart from or disregard them, without legislative sanction.

The word *feloniously* is essential to all indictments for felony, whether at common law or statutory.

Every offence which is punishable by death or by confinement to hard labor in the penitentiary, either absolutely or as an alternative, is a felony, (laws 5th Legis. p. 67, Sec. 48,) and must therefore be charged to have been committed *feloniously*.

To constitute the offence of enticing away a negro from his master, there must be the felonious intent wholly to deprive the owner of his property; and this intent must be averred in the indictment.

Before confessions can be received in evidence in a criminal case, it must be shown that they were voluntary, without the influence of hope or fear applied by a third person ; the evidence upon this point, being in its nature preliminary, is addressed to the Judge, who admits the proof of the confession, to the jury, or rejects it, as he may or may not find it to have been drawn from the prisoner by the application of those motives

If, after evidence of a confession has been admitted, it appears that it was not voluntarily made, it is the duty of the Court to withdraw the evidence from the jury, and of the jury wholly to disregard it.

Evidence of verbal confessions of guilt is to be received with great caution.

Where threats of personal violence in presence and hearing of the prisoner are proved, it is for the State to show that they were not made at a time and under circumstances to induce the confession.

Appeal from Fayette. Tried below before the Hon. Thomas H. DuVal.

Indictment as follows : That James Cain, late of Fayette county aforesaid, yeoman, with force and arms in the county aforesaid, on the thirteenth day of January, A. D., one thousand eight hundred and fifty-six, did then and there entice away from the possession of his master, William Scallon, a certain

negro man slave, of the value of five hundred dollars, named Dick, of the property of said William Scallon, without the consent or knowledge of the said Scallon ; contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State.

Defendant was convicted.    There was ample evidence to sustain the verdict ; but all confessions of the defendant ; which all the witnesses stated very positively, were made voluntarily, without any threats made or inducements offered. The first witness testified to confessions which were made when the defendant was brought to the house of Scallon ; the other witnesses did not state whether the confessions they spoke of were made at the same time or not, nor where they were made.    There was a bill of exceptions as follows :

The prisoner interrogated Sherman Reynolds, who states that he was at the house of Scallon when prisoner was brought there, but did not hear him make any confessions.    The question was then asked by prisoner, " if he heard any threats made in the hearing of the prisoner," which the Court would not permit the witness to answer, for the reason that such threats, if any such were made, could not be connected by the witness, in point of time, to any period prior to the admissions. The Court refused to let the witness be further examined ; to all of which the defendant excepted, &c.

*J. T. Harcourt*, for appellant, cited 11 Tex. R. 22.    The case of Alexander v. The State, 12 Tex. R. 540, is not in point.    As to confessions, 1 How. Miss. R. 256.

*Attorney General*, for appellee, cited Roscoe, Cr. Ev. 37–8 ; Alexander v. The State, 12 Tex. R. 542.

WHEELER, J.    The judgment is erroneous and must be re-

versed on two grounds; 1st. Insufficiency in the indictment; 2nd. The improper rejection of evidence.

However little apparent reason there may be for still adhering to the technical language of the common law in framing indictments, or applying its strict rules of construction to criminal proceedings, the Courts have not felt at liberty to depart from or disregard them, without legislative sanction. The doctrine has everywhere obtained, that Courts have not the power to relax the strictness required by the common law in criminal proceedings, but the reformation of these proceedings must be left to the legislative authority.   There are certain technical words which, by the common law, are held to be essential to the validity of an indictment.   The word *feloniously* is essential to all indictments for felony, whether at common law, or statutory. (Whart. Am. Cr. L. 143.) By Act of the 9th of February, 1854, Sec. 57, "Every offence which is punishable by death, or by confinement to hard labor in the penitentiary, either absolutely or as an alternative, is a felony." (Laws 5th Leg. p. 68.) The offence charged in this indictment is a felony, (Id. p. 67, Sec. 48,) and the felonious intent must have been averred, in order to maintain a conviction of a felony.   To constitute the offence of enticing away a negro from his owner, there must be the felonious intent wholly to deprive the owner of his property; and this intent must be averred in the indictment.   There is no such averment in the present case.   The indictment is not only obnoxious to the objection that, in charging the commission of a felony, it does not employ the appropriate technical language, which the law requires, but it is liable to the more substantial objection that it does not charge the act to have been committed with any criminal intent whatever.

We are of opinion that there was error also in excluding evidence of threats made in the hearing of the prisoner, offered with the view to destroy the effect of his confessions. Before confessions can be received in evidence in a criminal case, it must

be shown that they were voluntary. They must not have been obtained by the influence of hope or fear, applied by a third person to the prisoner's mind. The evidence to this point, being in its nature preliminary, is addressed to the Judge, who admits the proof of the confession to the jury, or rejects it, as he may or may not find it to have been drawn from the prisoner by the application of those motives. (1 Greenl. Ev. Sec. 219.) Before evidence of a confession can be admitted, it devolves on the prosecution to satisfy the Court that it was voluntarily made by the prisoner. But if after it has been admitted, it appears that it was not so made, it is the duty of the Court to withdraw the evidence from the jury, and of the jury wholly to disregard it. Where it has been received and has gone to the jury, it is the undoubted right of the prisoner to show, if he can, that it was not, in fact, voluntary, and therefore is not to have weight against him ; and any evidence which conduces in any degree to that conclusion is admissible. Observation and experience have lead the most eminent and enlightened Judges in the administration of the criminal law to the conclusion, and it has become the established doctrine and rule for the government of Courts, that the evidence of verbal confessions of guilt is to be received with great caution. Mr. Greenleaf has stated the reasons of the rule, and given ample illustrations of its application in his very learned and accurate Treatise on Evidence, to which it will suffice to refer. (Greenl. Ev. Ch. XII, " Of Confessions," Sec. 214, *et seq.*) The confessions of the prisoner having gone to the jury, it was competent for him to prove threats of personal violence in his presence and hearing ; and it was for the State then to show that they were not made at a time and under circumstances to induce the confession. For as it must appear affirmatively that the confession was voluntary, the burden of proving that fact was upon the prosecution, not upon the prisoner, as the ruling of the Court, as disclosed by the bill of exceptions, supposes.

We are of opinion, therefore, that the judgment is errone-

ous, and must be reversed, and the cause be remanded for further proceedings,

                                Reversed and remanded.