## JOHN L. GREER v. THE STATE.

Articles 661 and 662 of the Code of Criminal Procedure only admit confessions to be used against the accused where they have been freely made, without compulsion or persuasion; and if the accused was in prison the rule is given in the statute. (Paschal's Dig., Arts. 3126, 3127, 2d ed.)

If under a threat a party show the stolen property, his confession that he stole it should not be used against him, unless it be also proved that it was his voluntary confession before a magistrate, or else made after he was cautioned that it might be used against him. (Paschal's Dig., 2d ed., Art. 3127, Note 761.)

*O. F. Hunsaker*, for appellant, cited the statute about confessions.

*John W. Harris*, for the state, insisted that the confession was not protected by the statute; that the fact of pointing

out the place could be used notwithstanding the threat. (2 Starkie on Ev., 26, 449, 450; Bur. on Circum. Ev., 66, 455, 456.)

Hamilton, J.—This was an indictment and conviction of the appellant in the criminal court for Galveston county for stealing a watch, of the value of more than $20. On the trial, as appears from the statement of facts, which presents the evidence of the witnesses in a somewhat confused and unsatisfactory manner, that the appellant, while in the custody of the police officer who arrested him upon the charge of stealing the watch, under a threat, went and showed where the watch was, it being under the boards of a house, and that while the appellant was in his custody he said he had stolen the watch, that it was the first theft he ever committed, and he was very sorry for it, &c.

It is not altogether clear from this statement whether the confession of the theft was before or after the threat, which preceded the disclosure of the place where the watch was concealed, nor is it important to inquire.

It has been urged by the counsel for the State that the rules provided by the Code of Criminal Procedure ought not to apply in this case, because they are designed to protect parties in *duress* from false statements against themselves, under the influence of fear occasioned by threats, and upon the presumption that any statements so made are unreliable; whereas in this case the fact of the appellant showing the place of concealment of the stolen property excludes every such presumption. If the conviction rested alone upon the fact of the accused disclosing under threats the place where the watch was concealed, we will not now undertake to decide whether or not the case would be within the reason of the rule excluding evidence of confessions made under threat. We are inclined to think it would not.

But we are not at liberty to say that the jury looked

alone to the fact that appellant was able to show where the stolen property was secreted without reference to his confession of the theft, which was permitted to be given in evidence contrary to the express provisions of the Code of Criminal Procedure, which are as follows:

"The confession of defendant may be used in evidence against him if it appear that the same was freely made, without compulsion or persuasion, under the rules hereinafter prescribed.

"The confession shall not be used, if at the time it was made the defendant was in jail or other place of confinement, nor while he is in the custody of an officer, unless such confession be made in the voluntary statement of the accused, taken before an examining court in accordance with law, or be made voluntarily, after having been first cautioned that it may be used against him." (Paschal's Dig., Arts. 3126, 3127.)

The accused being in the custody of an officer, his confessions to him or others cannot be used against him, unless voluntarily made after having been first cautioned that they might be used against him, and this it was incumbent on the part of the prosecution to prove, which was not done.

It has been decided by this court that, where "confessions of the prisoner have gone to the jury, it was competent for him to prove threats of personal violence in his presence and hearing; and it was for the State then to show that they were not made at a time and under circumstances to induce the confession. For it must appear affirmatively that the confession was voluntary. The burden of proving that fact was upon the prosecution, not upon the prisoner." (Cain v. The State, 18 Tex., 390.)

It is very plain that the provisions of the Code of Criminal Procedure have not been complied with, nor any effort made to show that the confession was voluntary after due caution given, nor the threats proved made at a time and

place to have induced the confession; in fact, the contrary is established by the testimony of a witness, (the policeman who made the arrest,) who swears that the discovery by the accused of the stolen watch and its restoration to the owner were within four hours of the time of his arrest, in which time must have been included the threats and the confession of theft.

It is unnecessary to discuss the sufficiency of the evidence apart from the confession of the theft to justify the finding of the jury. This is not the question. What we are to determine is, whether testimony was admitted contrary to law, upon which, in whole or in part, the jury may have based their verdict, and of this there can be no doubt.

The judgment of the court below is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.