195 So. 283

## JETTON v. STATE.

### 8 Div. 947.

Court of Appeals of Alabama.
Dec. 19, 1939.

Rehearing Denied Jan. 9, 1940.

S. A. Lynne, of Decatur, for appellant.

Thos. S. Lawson, Atty. Gen., and Noble J. Russell, Asst. Atty. Gen., for the State.

RICE, Judge.

The single count of the indictment, upon which this appellant was convicted, is— omitting formal parts—as follows, to-wit: "Count Two: The Grand Jury of said County further charge that before the finding of this indictment, Buck Jetton, with intent to steal, broke into and entered an uninhabited dwelling house, shop, warehouse, store house or smoke house, in which goods, merchandise, clothing, meat or flour, things of value, were kept for use, sale or deposit, against the peace and dignity of the State of Alabama."

It is conceded that this count of the indictment was intended to charge the offense of burglary, under the provisions of Code 1928, § 3479. But it is fatally defective, and will not support the judgment of conviction; as we will undertake to show.

Long ago it was said that "one of the essentials of a charge in offenses against property is the negation of the defendant's ownership by such averments as show affirmatively that the property, general or special, against which the crime is laid, is in another." Emmonds v. State, 87 Ala. 12, 6 So. 54. So far as we can ascertain that is the law, today. And there seems no doubt but that it is our duty to note, here on this appeal, the defect—the fatal defect—glaringly apparent in the count of the indictment upon which this appellant was convicted, even though its insufficiency was not called to the attention of the court below. See Raisler v. State, 55 Ala. 64.

It is apparent that, as drawn, every word contained in the aforementioned count of the indictment might be true, and defendant, at the same time, be guilty of no offense—because, for aught alleged, the building might have been his own. Both the Supreme Court, and this Court with its approval, have held that indictments so drawn cannot support a conviction. See authorities supra; and, in addition, Mazett v. State, 11 Ala.App. 317, 66 So. 871; and Noah v. State, 15 Ala.App. 142, 72 So. 611.

The judgment is reversed and the cause remanded.

Reversed and remanded.