No attorney for appellant.

Wm. N. McQueen, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

24 So.2d 450

## BROWN v. STATE.

### 6 Div. 995.

Court of Appeals of Alabama.

Jan. 15, 1946.

**HARWOOD, Judge.**

The appellant was tried in the Inferior Court of Tuscaloosa County on an affidavit charging reckless driving on a public highway within twelve months prior to September 24, 1942. He was found guilty and fined $100 and costs and prohibited from driving a motor vehicle on the highways of this State for 180 days. On appeal from the Inferior Court of Tuscaloosa County to the Circuit Court the Solicitor's complaint originally charged appellant with reckless driving. The complaint was there amended by adding count 2, which is as follows: "Did operate a motor vehicle on a public highway at a speed greater than thirty-five miles per hour."

Appellant pleaded guilty in the Circuit Court to count 2, and the court entered a judgment finding appellant "guilty of operating a motor vehicle upon a public highway at a speed greater than 35 miles per hour as charged in count 2 of the complaint," and imposed a fine on him of $1 and costs. Thereafter appellant perfected his appeal to this court.

The sole question in this case is whether count 2 of the amended complaint sets forth any criminal offense.

Except in certain instances, such as approaching intersections, etc., no definite speed limit is established under our Statutes, but simply the general provision found in Code 1940, Title 36, Section 5 (a) that: "Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing and no person shall drive any vehicle upon a highway at such speed as to endanger the life, limb, or property of any person."

Apparently the prosecution proceeded on the theory that appellant's conduct was violative of the regulation promulgated by the Director of Public Safety of the State of Alabama with the approval of the Governor, and by him proclaimed on Oct. 1, 1942 establishing 35 miles per hour as a maximum speed limit in this State for the duration of the war.

It is not per se a crime to drive in excess of 35 miles an hour on the highways of this State, and was not at the time of this alleged offense unless made so by the above-mentioned rules and regulations of the Director of Public Safety. Without expressing an opinion as to the efficacy of above rules and regulations, it is clear that if any offense arose out of the act charged to appellant it resulted solely from the violation of such rules and regulations. It therefore must follow that an affidavit or complaint which fails to charge that the acts complained of were done in violation of rules and regulations duly promulgated by the Director of Public Safety under the provisions of the law conferring on him such power does not charge any offense. Horn v. State, 17 Ala.App. 419, 84 So. 883; Curlee v. State, 16 Ala.App. 62, 75 So. 268; Oliver v. State, 16 Ala.App. 533, 79 So. 313.

The complaint being a complete nullity, it could not support any judgment rendered on it.

Where an indictment or complaint fails to state any offense, as in this case, such defect must be noticed despite the absence of any attack on it in the court below. Raisler v. State, 55 Ala. 64; Emmonds v. State, 87 Ala. 12, 6 So. 54; Mehaffey v. State, 16 Ala.App. 99, 75 So. 647.

The effect of the judgment entry in this case was to acquit appellant of count 1 of the complaint charging reckless driving. Count 2 of the complaint being a nullity, any further prosecution of this case would have to be by de novo proceedings. The statute of limitations now barring such de novo proceedings the judgment will be reversed and a judgment will be here rendered discharging the appellant.

Reversed and rendered.