209 So.2d 896

Harold GROSSNICKLE

v.

STATE.

I Div. 271.

Court of Appeals of Alabama.

April 2, 1968.

Rehearing Denied May 7, 1968.

Gerrard Clay, Mobile, for appellant.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

Appellant was indicted by the Grand Jury of Mobile County, Alabama, on March, 23, 1966, for the offense of robbery. He, on June 14, 1966, accompanied by counsel, waived arraignment and pled not guilty. On May 18, 1967, a jury found him guilty as charged and his punishment was set at thirteen years imprisonment in the State penitentiary. It is from this judgment and sentence that this appeal is made.

The evidence reveals that appellant and his companion, Bobby Wayne Faircloth, on the night of February 5, 1966, were picked up by cab driver Preston Parnell at Cottrell's in Mobile County and delivered to Ye Ole Spot in Mobile County; that later the cab driver picked these same parties up at Ye Old Spot and delivered Bobby Faircloth to his home; and that while he (the driver) was driving appellant out the Lott Road, appellant drew his (the driver's) head backward, placed a knife at his throat and demanded his money. The driver stated that he gave appellant two billfolds and that one contained $3.00; that appellant ordered him to get out of the cab; and that appellant then drove off in his cab.

The driver then notified police of the incident and accompanied them to the home of Bobby Faircloth where he identified Faircloth by the striped jacket which he was wearing. Faircloth told the officers that his companion had been appellant, who the cab driver positively identified at police headquarters in a line-up, and again at the trial, as the man who put the knife to his throat and demanded his money on the night in question.

At the trial, Faircloth testified that he was at that time serving five years in the penitentiary for grand larceny; that on the night of the alleged robbery he was with appellant; but that it was not appellant who rode home in the taxi with him but another person named "Howard."

Appellant contends that the trial court committed reversible error in failing to give an instruction to the jury as to whether the appellant, if found guilty of the act charged, was so intoxicated as to be unable to form a felonious intent to commit the crime.

The record shows that at the conclusion of the court's oral charge to the jury, the court asked the following questions:

"THE COURT: Anything that I need to comment on that I have overlooked?

"MR. PFLEGER: I don't believe so.

"THE COURT: Mr. Gibbons?

"MR. GIBBONS: None, Your Honor.

"THE COURT: Anything that you want me to charge on that I have inadvertently overlooked?

"MR. GIBBONS: None, Your Honor, thank you."

■ In the absence of an exception to the court's oral charge, there is nothing presented on appeal for review. Cox v. State, 280 Ala. 318, 193 So.2d 759.

This court in Brown v. State, 39 Ala. App. 149, 96 So.2d 197, speaking through Cates, J., said in part as follows:

"On a plea of not guilty to crimes (such as murder, robbery and larceny) which require a special intent, e. g., malice or animus furandi, the law of Alabama allows the jury to consider evidence of a defendant's drunkenness—not for the purpose of acquitting him *altogether* —but for the purpose of ascertaining whether or not his condition has rendered him at the time of the act capable of harboring such special intent.

\*       \*       \*       \*       \*       \*

" \* \* \* However, the trial court will not be put in error for the failure so to charge unless the defendant asks for an appropriate instruction. Code, 1940, Title 7, § 273; Peterson v. State, 227 Ala. 361, 150 So. 156; Burden v. State, 20 Ala.App. 387, 102 So. 464."

■ As reflected in the record, appellant did not request a special written instruction as to intoxication according to the practice established by Tit. 7, Sec. 273, Code of Ala., 1940. Therefore, the court's failure to include in the oral charge an instruction as to intoxication of appellant as affecting his intent is not subject to review by this court. Tranholm v. State, 38 Ala.App. 57, 77 So. 2d 491.

■ Appellant contends that the trial court erred in permitting the State to introduce testimony of Mrs. Frances Faircloth and Mrs. Kathleen Kasper following the presentation of evidence by the defense. The purpose of these two witness's testifying was to impeach the testimony of defense witness Bobby Faircloth by showing that on two different occasions he had made statements which were contradictory to that which he had testified to at the trial. Both witnesses testified that Faircloth had stated in their presence that the appellant was in the taxi with him when he came home on the night of the alleged robbery. Mrs. Faircloth testified that he made such a statement on the night of the alleged robbery to the police; Mrs. Kasper, who was the stenographer for the Grand Jury, testified that he made the same statement before the Grand Jury.

Defense counsel objected to either of the witnesses testifying grounded on the fact that a proper predicate had not been laid for impeaching Faircloth's testimony.

In Law of Evidence in Alabama, 2nd Ed., Vol. 1, p. 368, Judge McElroy states in part:

"Before a witness who is not a party may be impeached by testimony out of the mouths of others that he has made a statement which is contradictory of his present testimony, a predicate must be laid * * * by asking him on cross-examination whether he made such statement, specifying with reasonable certainty the time when, the place where, and the person to whom, such supposed statement was made, and the substance of such statement."

On cross-examination, Faircloth replied in the negative to the question, "Didn't you testify before the March term of the Grand Jury of Mobile County that you came home in a Prichard Taxi Cab, with no one else in it but you and Harold Grossnickle and the taxi driver?"

This question and answer laid a proper predicate for the admission of Mrs. Kasper's testimony in that it sufficiently identified the place, time, persons to whom made, and the subject matter of the statement. Livingston v. State, 7 Ala.App. 43, 61 So. 54.

■ No proper predicate was laid for the admission of Mrs. Faircloth's testimony. The question which came nearest to laying a predicate was, "Now you have never told anybody that you went home that evening in a Prichard Taxi Cab with Harold Grossnickle, did you?" To this, Faircloth replied, "No sir, I didn't." This is an all inclusive question which does not meet the requisites of pointing out to the witness with reasonable certainty the time, place and persons to whom the statement was made so that he might bring all of his faculties to bear on determining whether or not he made such statement. Livingston v. State, supra.

Permitting Mrs. Faircloth to testify was error but was error without injury. In reviewing the record we observe that the content of Mrs. Faircloth's testimony was substantially the same as that of Detective Baxter who testified for the State without objection previously. Such testimony, although inadmissible, was not such as would alter the outcome of appellant's case. Lumber Fabricators, Inc. v. Appalachian Oak Flooring & Hardwood Corp., 41 Ala.App. 570, 141 So.2d 210; Brown v. State, 33 Ala.App. 152, 31 So.2d 652; Zorn v. State, 20 Ala.App. 404, 102 So. 722.

■ As the line-up identification of appellant took place prior to June 12, 1967, the

rule requiring exclusion of identification evidence tainted by exhibiting the accused to identifying witnesses in the absence of counsel does not apply. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199.

We have diligently searched the record and having found no material error therein, conclude that appellant's other contentions of error are without merit.

Therefore, the judgment in this cause is due to be and the same is hereby

Affirmed.