249 So.2d 369

**Joseph Raymond HARMON**

v.

**STATE.**

**7 Div. 52.**

Court of Criminal Appeals of Alabama.

Dec. 15, 1970.

Rehearing Denied Jan. 12, 1971.

. William T. Kominos, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and Joseph Victor Price, Jr., Asst. Atty. Gen., for the State.

CATES, Judge.

Robbery: sentence, 30 years.

On consideration of the application for rehearing, the former opinion is withdrawn and the following becomes the opinion of the Court:

For the offense of robbery, Form No. 95, Code 1940, T. 15, § 259, prescribes the use of the word "feloniously" to charge the intent with which property is taken. The use of this word or its equivalent has been

**2**

held to be mandatory, i. e. the indictment without it is void.[1] Chappell v. State, 52 Ala. 359.

The instant true bill does not contain this word or any substitute therefor.

It is to be noted that this fatal defect was not called to the attention of the trial judge. The State argues that the failure so to do precludes the question from being raised on appeal.

Such may be the doctrine with respect to non-fatal defects in an indictment but it does not apply where the omission amounts to the failure to state any offense.

■ In case of a void indictment, the appellate court is required to notice this on appeal as an error apparent on the record. See Brown v. State, 32 Ala.App. 246, 24 So.2d 450; Jetton v. State, 29 Ala. App. 134, 195 So. 283.

■ As to the general proposition that there must be some expression of intent in an allegation, we find in 77 C.J.S. Robbery § 42, Intent:

"While, under some statutes, it is unnecessary to allege intent, generally the intent to steal, or animus furandi, should be alleged in some form in the indictment or information; and an indictment or information is sufficient if it employs any apt language indicating the existence of the intent to steal. It is not necessary to use the word 'steal,' and it is sufficient to allege that the property was taken feloniously or fraudulently. The allegation of intent to steal should be made with respect to the property taken, and need not be made with reference to an assault preceding such taking. If the taking is alleged to have been felonious, it is not necessary further to allege that the putting in fear was done feloniously." (footnotes omitted).

We have found no code section which dispenses with the use of such a term but rather note that Form 95, supra, is still prescribed as acceptable.

Accordingly, the judgment below is reversed and the cause is remanded to the circuit court to quash the indictment: and to determine whether to bind the defendant over for the next grand jury. See Mitchell v. State, 249 Ala. 169, 27 So.2d 36, and Code 1940, T. 15, § 258, which provides as follows:

"When the judgment is arrested, or the indictment quashed, on account of any defects therein, or because it was not found by a grand jury regularly organized, or because it charged no offense, or for any other cause, the court may order another indictment to be preferred for the offense charged, or intended to be charged; and in such case an entry of record must be made, setting forth the facts."

Reversed and remanded.

ALMON, J., not sitting.

1. Black's Law Dictionary says:
"FELONIOUSLY. * * * An indispensable word at common law in indictments for felony, as felonice was in the Latin forms. 4 Bl.Comm. 307; State v. Jesse, 19 N.C. [297] 300; Com.Dig. Indictment (G 6); Bac.Abr.Indictment (G 1); 2 Hale, Pl.Cr. 172, 184; 1 Ben. & H.Lead.Cr.Cas. 154. It is still necessary in describing a common-law felony, or where its use is prescribed by statute; Whart.Cr.Pl. § 260; Bowler v. State, 41 Miss. 570; Cain v. State, 18 Tex. 387."