272 So.2d 600

**Wilburn Martin FENDLEY**

**v.**

**STATE.**

**6 Div. 262.**

Court of Criminal Appeals of Alabama.

Jan. 23, 1973.

Parker, Wilkinson & Gwin, Birmingham, for appellant.

William J. Baxley, Atty. Gen. and Sarah V. Maddox, Asst. Atty. Gen., for the State.

EMMET, Circuit Judge.

Appellant was convicted of grand larceny and as punishment received a term of three (3) years imprisonment in the Penitentiary of the State of Alabama.

I

On February 18, 1970, the home of Roscoe and Carrie Grigsby was burglarized. This home is situated out from the Morris community in Jefferson County. About mid-morning on that date this home was unattended, Mr. Grigsby having left shortly after ten to visit Mrs. Grigsby, then a patient in an unidentified hospital. Around 11:00 that morning a neighbor, Shirley Prince, had her attention drawn to this unattended house of her next door neighbor. She observed a car parked in front of the house. Going over to see if perhaps she could offer assistance, while walking toward the car, she heard what she thought was the slamming of a house door and she saw a male walk from behind the Grigsby's home.

Mrs. Prince proceeded back to her home. To be sure that neither Mr. nor Mrs. Grigsby were home she telephoned. Receiving no answer she proceeded to walk back over toward the Grigsby house.

At this time she observed in the dirt road which separates her yard from that of the Grigsby's, the defendant (whom she had previously known) either with a shotgun or a rifle in his hands together with the male she had just seen emerging from the rear of the Grigsby home.

Continuing on she entered the Grigsby house and found it to be a "total wreck." Thereupon she notified the police.

About ten minutes later representatives of the Jefferson County Sheriff's Office arrived on the scene. A search was initiated immediately. Within an hour, lying in some woods about one half mile away from the scene was found the defendant in possession of a 16 gauge Ranger shotgun and several pieces of jewelry. Also found in the same place was the other male identified by Mrs. Prince.

The shotgun was identified by Mr. Grigsby as belonging to him and having been in his home when he left about ten that morning. The items of jewelry were identified by Mrs. Grigsby as belonging to her and as having been in the home when she left several days previous to be admitted to the hospital.

In April 1970, an indictment was returned against this defendant charging him with three counts; one for burglary, one for grand larceny and one for buying, receiving or concealing stolen property.

The trial moved along in routine fashion. The Court was called upon for only about half a dozen evidentiary rulings.

Upon the conclusion of the oral charge, the Court, after addressing itself in like fashion to the State, stated:

"What says the defendant with respect to the Court's oral charge?"

"No exceptions, Your Honor."

From the record it appears four written charges were requested by the defendant which were given. They are numbered "3," "4," "5" and "6." The record is silent as to any charges being numbered "1" or "2" and it can only be presumed that no such numbered charges were requested. From the record it appears all written charges requested were given.

Upon conviction under the count charging grand larceny, notice of appeal was timely given followed in proper form by the Motion for New Trial.

The Motion for New Trial contains only three grounds; one, that the verdict and judgment herein is contrary to the great weight of the evidence; two, that the Court erred in numerous evidentiary rulings; three, that the indictment is insufficient to support a conviction.

This appeal is presented here on appellant's brief which claims as the only error that one sentence in the seventeen page oral charge is a misstatement of a legal principle. Upon this sole point, appellant seeks a reversal and new trial.

## II

Can the appellant be now heard to complain of error for any misstatement of a legal principle in the trial court's oral charge where no exception is taken to that oral charge, is the primary matter presented for review.

This is a procedural matter only and therefore in no way concerns itself with the question of substantive law as to whether or not the sentence in the oral charge which is complained of is a correct legal principle.

■ As a procedural matter, in the absence of an exception being taken to a court's oral charge, there is nothing presented on appeal for review. Grossnickle v. State, 44 Ala.App. 384, 209 So.2d 896.

Where no exception to the oral charge of a court is taken, no error can result from any claimed fault therein. Lindsay v. State, 41 Ala.App. 85, 125 So.2d 716.

When a defendant does not except to the oral charge, a trial court will not be reversed for the alleged error in the charge. Cox v. State, 280 Ala. 318, 193 So.2d 759.

In a situation as is presented here there is simply nothing presented for review. Martin v. State, 34 Ala.App. 476, 41 So.2d 440.

Weaver v. State, 35 Ala.App. 158, 44 So.2d 773, holds an appellate court is not authorized to review the legal accuracy of any statement in the trial court's oral charge where no exception is duly taken to that statement.

In Odom v. State, 44 Ala.App. 534, 215 So.2d 596, a specific exception to the applicable portion of the Court's charge is cited within the body of the decision and therefore was presented for review.

In Hale v. State, 45 Ala.App. 97, 225 So.2d 787, there is nothing within the report to indicate that there was not a specific exception properly taken. The report is silent as to this point. A stronger inference is raised that a specific exception was in fact properly taken, else the State would have raised the point in the same fashion as here raised. At least in the *Hale* case, supra, the Motion for New Trial called the matter of the questioned portion of the trial court's oral charge into issue. The Motion for New Trial in the instant case is silent as to this claimed error.

Surely, this procedural rule has such obvious merit it needs no explanation or defense.

## III

There is another point of inquiry which this Court is compelled to examine under the provisions of Code of Alabama, Title 15, Section 389. This section requires a review of the language contained in the indictment.

■ Count II under which the defendant was found guilty fails to state any criminal offense and cannot support a judgment of conviction. There is an obvious omission of the essential word "feloniously" or an adequate substitute in charging the offense of grand larceny. The Code of Alabama, Title 15, Section 259, par. 66, requires the use of the word "feloniously," or its equivalent in an indictment charging grand larceny.

Analogous to the instant case are Harmon v. State, 47 Ala.App. 1, 249 So.2d 369; Allen v. State, 241 Ala. 137, 2 So.2d 321; Brown v. State, 32 Ala.App. 246, 24 So.2d 450; Jetton v. State, 29 Ala.App. 134, 195 So. 283.

■ A count which does not state a criminal offense cannot sustain a conviction even though there is a failure to bring the matter to the attention of the trial judge and there is a further failure to bring the matter to the attention of the appellate court.

Regrettably, Section 389, supra, requires this ruling.

IV

The foregoing opinion was prepared by Hon. Richard P. Emmet, Circuit Judge, temporarily on duty with the Court pursuant to subsection (4) of Section 38, Title 13, Code of Alabama, 1940, as amended. The Court has adopted this opinion as its own.

The judgment below is hereby

Reversed and remanded.

CATES, P. J., and ALMON, TYSON and HARRIS, JJ., concur.

DeCARLO, J., recuses self.