272 So.2d 908

**Colonel L. FREEMAN, Sr.**

v.

**STATE.**

**2 Div. 100.**

Court of Criminal Appeals of Alabama.

Jan. 30, 1973.

William P. Gray, Jr., Hubbard & Waldrop, Tuscaloosa, for appellant.

William J. Baxley, Atty. Gen., and Herbert H. Henry, Asst. Atty. Gen., for the State.

ALMON, Judge.

Colonel L. Freeman, Sr., was convicted of assault with intent to murder and sentenced to four years imprisonment.

The evidence tended to show that on the evening of December 23, 1971, at approximately 8:00 P.M., John Paul Richardson and Virgil Bell were returning to the latter's camphouse in the Forkland area of Greene County. Richardson stopped his 1972 Datsun pickup truck on the road at a point about two hundred feet below appellant's camphouse. He got out and fired one shot from a shotgun at a rabbit running across the road. This shot was fired in the opposite direction of appellant's camphouse. Immediately after the shot was fired, Richardson and Bell testified that they observed appellant come out the back door of his camphouse with a gun in his hand and run over to his station wagon parked nearby. Appellant then fired approximately fifteen shots from a .30 caliber rifle in the direction of Richardson's pickup truck. Two of these shots hit Richardson in the leg just below the knee as he was attempting to reenter his pickup truck.

There was ample evidence to support the verdict of guilty. Lawhorn v. State, 41 Ala.App. 577, 141 So.2d 205.

Appellant testified in his own behalf at trial. He did not deny that he fired in the direction of the pickup truck. Counsel for appellant attempted to establish rather that he fired in self defense. Counsel brought out on direct examination of appellant that the lights from the pickup truck were shining into his eyes; that the shot was fired from a shotgun in his direction; that appellant had been drinking during the day and was confused; and that appellant had heard talk earlier in the day of robberies taking place in the general vicinity.

Appellant's sole contention is that his conviction must be reversed because the trial court erred in failing to charge the jury on the law of self defense, even though no written charges to that effect were requested by him.

It is well settled in this jurisdiction that the trial court's failure to orally charge on the law of self defense is not subject to review by an appellate court where there were no written requested charges tendered to the court on self-defense. The correctness of the oral charge to the jury cannot be questioned for the first time on appeal. Curtis v. State, 44 Ala.App. 446, 212 So.2d 689, cert. denied 282 Ala. 725, 212 So.2d 692; Grossnickle v. State, 44 Ala.App. 384, 209 So.2d 896.

We have reviewed the record in accordance with Tit. 15, § 389, Code of Alabama, 1940, and find no reversible error. The judgment of conviction is therefore due to be affirmed.

Affirmed.

All the Judges concur.