LEIGH M. CLARK, Retired Circuit Judge.
Appellant was convicted under an indictment in pertinent part as follows:
“The grand jury of said county charge that, before the finding of this indictment, WESLEY SAMUEL CARTER, whose name is otherwise unknown to the Grand Jury, unlawfully and without the consent of the cardholder, to-wit: Walter F. Logan, did have in his possession, custody or control, a credit card or the information therefrom, ti[sic]-wit: a Master Charge, Account Number 543-990-430-043-170, issued to the said Walter F. Logan, contrary to and in violation of Section 13-4-32(a), Code of Alabama, 1975, against the peace and dignity of the State of Alabama.”
Said Section 13-4-32(a), Code of Alabama, 1975, provides as follows:
“Theft by taking or retaining possession of card taken. — A person who takes a credit card or the information therefrom from the person, possession, custody or control of another without the cardholder’s consent or who, with knowledge that it has been so taken, receives the credit card or the information therefrom with intent to use it or to sell it, or to transfer it to a person other than the issuer or the cardholder is guilty of credit card theft and is subject to the penalty set forth in subsection (b) of Section 13-4-40. Taking a credit card or the information therefrom without consent includes obtaining it by conduct defined or known as statutory larceny, common-law larceny by trespassory taking, common-law larceny by trick, embezzlement or obtaining property by false pretense, false promise or extortion.
“A person who has in his possession or under his control a credit card or the information therefrom issued in the name *611 of another person without the cardholder’s consent is presumed to have violated this subsection.”
No demurrer or other instrument was filed in the trial court testing the sufficiency of the indictment. Appellant pleaded not guilty. A jury found him “guilty as charged in the indictment.” The court adjudged him “guilty of Violation of Credit Card Act as charged in the indictment,” fixed his punishment at imprisonment for the term of one year and one day as provided by Section 13-4-40, Code of Alabama 1975, as follows:
“Ten years. — A person who is subject to the penalties of this subsection shall be imprisoned not more than ten years.”
By reason of his indigency, an attorney was appointed to represent defendant. Said attorney was allowed to withdraw from the case, and the court appointed another attorney, who represented him on the trial and who continues to represent him on appeal by appointment of the trial court.
The evidence established that the credit card described in the indictment was owned by Walter F. Logan, that Mrs. Logan had it and other credit cards of Mr. Logan with her, with his consent, on August 28,1977, at “Horst’s Wholesale” on Third Avenue in Birmingham. They were in her purse, which she left in the automobile as she went in Horst’s; when she returned from the flower shop, her purse and its contents were gone. She did not know the defendant. On the afternoon of August 28, 1977, officers of the Birmingham Police Department responded to a call that a shooting had taken place near “5th or 6th Avenue between 12th and 14th” Streets South in Birmingham. There they found defendant who had been shot in the lower abdomen or the leg. He was taken to the hospital. Officers also went to the hospital. In order to determine defendant’s identity, one of the officers looked in his trousers and found a wallet that contained the mentioned credit card and other credit cards of the same owner.
Defendant testified that he did not take the credit cards from the possession or control of anyone, that he did not know they were in his wallet. He said that some time earlier on August 28, 1978, a friend of his family borrowed his automobile and that defendant’s wallet was in the automobile at the time. He testified that after his friend returned with the automobile, he rode in the automobile with his friend driving. He said that after the automobile stopped and he and his friend were leaving the automobile, his friend and defendant’s brother were tussling for possession of a gun owned by his brother, and that while they were doing so the “gun went off and they shot me in the thigh.”
During the trial, there was considerable colloquy among the court and the attorneys for the respective parties as to the allegations in the indictment, and the meaning thereof, as well as to the language of Code 1975, § 13-4-34(a).[1] A part of the colloquy out of the presence of the jury was as follows:
“MR. POLSON: And I feel like this indictment — There is a variance in it. It does not allege that Mr. Carter possessed this credit card with the knowledge that it was stolen. Now, there is a presumption, but again as the Court pointed out, I am not sure about the constitutional amount of that presumption. I feel like this indictment is void because it leaves out the allegation that he possessed the credit card with the knowledge that it was stolen as you have to do — Just as you do in a regular buying and receiving case, that it was presumed or with knowledge that it was stolen.
“THE COURT: Mr. Gillis, what do you think this indictment is brought under? •“MR. GILLIS: Your Honor, the indictment, the way I see it, is specific to put the defendant on notice that he is violating the Credit Card Act.
“THE COURT: I know, but there are three parts to that subsection. I want to know what part you think is applicable.
*612 “MR. GILLIS: Well, I think arguably he could violate the first part by taking. Taking can entail activity other than a theft. It can be a taking by whatever means; a taking from another’s possession; a taking from a particular place, etc. More than that, possession of stolen property recently after it was stolen creates a presumption that the person in possession of the property stole it. I think that is the situation that we have here. I think that arguably at least the first part of subsection A would apply. “Secondly, I think that the defendant had the credit card and thus as the law presumes in the second paragraph, subsection A, he was presumed to have knowledge that it was ‘so taken’ and had the intent to use it or sell it or transfer it to a person other than the issuer or the card holder.
“THE COURT: So you think that this indictment falls under the second part of this thing, the second part where it begins ‘with knowledge that it has been stolen — ’?
“MR. GILLIS: Yes, sir, I think it falls under the second paragraph for those reasons.”
During the court’s oral charge, after it had given the jury splendid instructions as to the burden of proof, the presumption of innocence, the nature of circumstantial evidence, etc., the court stated:
“All right, now, ladies and gentlemen, to get down to the essence of this thing, what is this charge? There has been a lot of confusion about it. There has been some confusion in my mind. This indictment says this: It charges that the defendant — It only charges three things. It charges that the defendant had in his possession a credit card issued to Walter F. Logan, and he had it without the consent of the card owner. Only three things involved in this case. This man is not charged with the theft of the card. Theft of the card is not involved in this case at all. There is no charge that the defendant stole the card. All the charge is, is that he had it in his possession or control. Two, that it was in the name of someone else, and it was without the consent of the owner or that someone else. Where does this charge come from? This charge comes from this paragraph in the State code 13 — 4-32. The number matters not. This is the way this thing is headed up. ‘Theft By Taking Or Retaining Possession of Card.’ This paragraph which I am going to read to you is where this charge is, this indictment, comes forth. This paragraph says this: ‘A person who has in his possession or under his control a credit card or information therefrom, in the name of another person, without the cardholder’s consent, is presumed to have violated this section.’ I’ll read it again. ‘A person who has in his possession or under his control a credit card issued in the name of another, without the consent or permission of another, is presumed to have violated this section.’ This is what the law says. I don’t make the law. These lawyers don’t make the law. All I do is charge you as to what I think the law is, and this is my judgment what the law is. I don’t say it’s right. I don’t say it’s wrong. All I know is when the legislature makes the law, I have to charge you as to what the law is. You are duty-bound to follow the law as I charge it to you.
“Further on in this code it says this — and I’ll have to do it slowly because at best it’s not completely clear. That this presumption — when I told you is presumed to have violated this section. It says that the presumption or the presumed fact, that is, the violation, on all the evidence must be proved beyond a reasonable doubt, as I have told you this, and the law declares that the jury may regard the facts, giving rise to the presumption— and that is the fact of possession in the name of another, without the consent of another — may regards the facts giving lies to the presumption as sufficient evidence of that fact. I don’t know whether that’s clear. I guess it is. You may regard these three factors if you are convinced beyond a reasonable doubt that these factors are present. You may re *613 gard them as proof. But, that does not stand by itself in anywise. You must and have to consider all the circumstances and all the facts surrounding this entire incident. Because this presumption is put in here does not conclude you in any way, shape or form. This presumption is to be considered with all the evidence in the case, all the other evidence in the case. It is definitely and most emphatically a jury question for you to decide.”
Appellee commences its argument in support of the indictment as follows:
“Although the State will not contend before this Honorable Court that the indictment in this case represents model pleading, the indictment does charge that the Appellant ‘unlawfully and without consent of the cardholder, to-wit: Walter F. Logan, did have in his possession, custody or control a credit card or the information therefrom, to-wit: a Master Charge, Account No. 543-990-430-043-170, issued to the said Walter F. Logan, contrary to and in violation of Section 13-4-32(a) Code of Alabama 1975, against the peace and dignity of the State of Alabama’, and thereby notifies the Appellant that he is charged with violation of Section 13-4-32(a).”
The crux of the insufficiency of the indictment lies in the fact that it does not allege any crime whatever. It is not a crime for one to have “in his possession or under his control a credit card or the information therefrom issued in the name of another person without the cardholder’s consent.” Such fact creates the presumption, but does nothing more, that there has been a violation of Code of Alabama 1975, § 13-4-32(a). The consequences of such presumption are stated in Section 13-4-39:
“When this article establishes a presumption with respect to any fact which is the element of a crime, it has the following consequences:
“(1) When there is sufficient evidence of the facts which give rise to the presumption to go to the jury, the issue of the existence of the presumed fact must be submitted to the jury, unless the court is satisfied that the evidence as a whole clearly negatives the presumed fact; and
“(2) When the issue of the existence of the presumed fact is submitted to the jury, the court shall charge that while the presumed fact must, on all the evidence, be proved beyond a reasonable doubt, the law declares that the jury may regard the facts giving rise to the presumption as sufficient evidence of the presumed fact.”
Nothing can be plainer than that a person can be guilty of the fact that constitutes the essence of the presumption and not be guilty of the crime so described by § 13-4-32(a). The indictment charges no offense whatever. It is impotent and void. The allegation in the indictment “contrary to and in violation of § 13-4-32(a), Code of Alabama, 1975,” does not save it from its invalidity or afford it any strength. This for the reason that the act charged in the indictment is not “contrary to and in violation of § 13 — 4-32(a), Code of Alabama 1975.”
The evidence in the case established without dispute that defendant had had possession of the credit card without consent of the cardholder, the cardinal fact establishing the presumption. The evidence was in dispute, however, as to the fact constituting the statutory consequence of the presumption. The learned trial judge charged the jury as well as a judge could on the insoluble anomaly presented. His own concern as to the problem, as shown hereinabove to some extent in the colloquy among the court and the attorneys and in the court’s oral charge to the jury, emphasizes the difficulty for the defendant to be assured by the indictment of what he was called upon to defend.
The infectious nature of the invalid indictment is emphasized by the judgment in the case, which reads in pertinent part:
“it is the judgment'of the Court that said defendant is guilty of Violation of Credit Card Act as charged in the indictment.”
Most of the offenses defined in the “Credit Card Act” are felonies, but one of the crimes, § 13-4-35(a) is a misdemeanor.
*614 There have been defects in indictments of an important nature that have been the source of disagreement among judges as to whether they could be waived and presented for the first time on appeal, but the Supreme Court, the Court of Appeals and the Court of Criminal Appeals, of Alabama, have uniformly held that where the indictment is entirely void in failing to state a criminal offense it contravenes a Sixth Amendment provision entitling a defendant to be informed of the nature and cause of the accusation and the due process mandate of the Fourteenth Amendment to the Constitution of the United States. After a review and consideration of apposite authorities on the subject, the principle is clearly stated by Judge Harris, now P. J., in Nelson v. State, 50 Ala.App. 285, 278 So.2d 734, 737 (1973):
“There is a line of cases holding that where an indictment fails to state any offense such defect must be noticed despite the absence of any attack on it in the court below. Brown v. State, 32 Ala. App. 246, 24 So.2d 450; Raisler v. State, 55 Ala. 64; Emmonds v. State, 87 Ala. 12, 6 So. 54; Gaines v. State, 146 Ala. 16, 41 So. 865; Mehaffey v. State, 16 Ala.App. 99, 75 So. 647; Jetton v. State, 29 Ala. App. 134, 195 So. 283.
“The conviction in this case cannot stand as it offends the first requirement of constitutional due process. The failure to charge an offense and the obvious harm to the defendant resulting therefrom, is the kind of defect involved in due process of law and it cannot be waived.”
The judgment is due to be reversed and the cause remanded for further proceedings in accordance with this opinion.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
REVERSED AND REMANDED.
All the Judges concur.

. At that time there had been no reported case under the Act. See subsequent case of Wells v. State, 378 So.2d 747 (1979), cert, den., 378 So.2d 756 (Ala. 1979).